## STATE ex TESHERA v TURGEON

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9787. Decided January 14, 1929

Mr. Sydney A. Davies, Cleveland, for State ex Teshera.

Mr. John Price, Cleveland, for Turgeon.

## SULLIVAN, PJ.

In the first place, it must be observed that this is not a taxpayer's suit, and it does not appear anywhere in the record that the rights of the general public are in issue, but, on the contrary, it is clear and conclusive that it is only a private individual right that is projected from the allegations of the petition for the writ of mandamus. The sections above quoted specifically apply to the suit of a taxpayer of a corporation, and it is well settled that it is the plain purpose and intent of these statutes to prevent a municipal corporation from becoming a plaintiff in court without its consent, and it is just as obvious that these sections of the statute do not confer rights upon a taxpayer, but impose a restriction upon those rights by the compulsion of making the application to the City Solicitor, and where refusal results to have that fact form a basis for the right to commence a suit.

It has frequently been held that there is a distinction between a suit involving the rights of the taxpayers in general and the prerogative of an individual who seeks a right from which he has been denied. It is a well settled proposition of law that, in the absence of positive statutory restriction, every person with a private grievance has a right to his day in court, and it is very questionable whether the legislature has any power to restrict or limit this right by the imposition of the burden of first applying and meeting with

the refusal of the City Solicitor of a municipal corporation.

In the petition at bar, it does not appear in any wise that there is any violation of the rights of the municipal corporation, and it is plainly apparent that the only right which appears in the case is the right of the relator to build a Club House upon her own premises, and this is a status which is absolutely unrelated to the rights in general of the body politic.

Under 12283 and 12302 GC., there is no limitation or qualification which confines the right to a writ of mandamus to a taxpayer whose application has been denied by the City Solicitor, and it is admitted in the argument of the case that there is no authority in Ohio which denies the right to sue for a writ of mandamus where a private right is sought to be enforced because of the failure to apply to the City Solicitor and to receive a refusal of the application.

Upon this point, by way of passing, it is well to note that, according to the petition the municipal corporation, if not through its Building Commissioner, at least through its Chief Executive, upon application for a permit to construct, has refused the same and, therefore, it follows as a matter of natural logic, that it would be futile to apply to the counsel for the corporation to commence litigation that would be derogatory to, and in violation of, the official action of the Building Commission and the Mayor of the Village of Rocky River. Under such a status it seems anomalous and incongruous that the defendants in error should be seeking to deny the right of the relator to sue for this writ, in the face of the corporation's refusal, through official authority, to grant the application of the relator for a permit to construct the Club House in question. Therefore, in a sense at least, it may be said that, substantially speaking, the relator has applied, in a practical manner at least, to the corporation for the relief which he seeks, by the suing out of the writ of mandamus, and has met with refusal.

The decisive point, however, upon which we decide that the relator has a right to sue and that the action of the court below was error, is that the basis of the action is an individual and not a corporation right, and the distinction is of such substance that the courts have established the proposition that where such a status exists, the right of the relator's day in court in a mandamus proceeding is not susceptible of judicial denial, or legislative act.

From a review of the legislation upon this point we think our reasoning is conclusive. Beginning the examination of the question from Sections 1777 and 1778 of the old Revised Statutes of Ohio, we find that they were the progenitors of 4313 and 4314 GC., and these old sections, in **Herrick et al vs. the City of Cleveland, 7 C. C., 470**, have been under judicial consideration, and we quote therefrom to sustain our views upon this distinction in favor of the individual where his right is personal as aganst the contention of the corporation that he cannot go forward without

the application having been made to the City Solicitor and refused by that official. The syllabus in that case is as follows:

(Here follows quotation)

We quote further from the court's opinion on page 478, as follows:

(Here follows quotation)

In line with this authority is **6 O. C. C. 305; 3 O. C. D. 465; 7 O. C. C. 470.**

In **Kuhn vs. the City of Cleveland, 1 C. C. N. S., page 384**, we quote from the opinion on page 386 which has reference to Sections 1777 and 1778, above noted, and it sustains our view herein, as follows:

(Here follows quotation)

In the case of **State ex rel vs. Roebuck, 2 O. N. P. N. S., page 688**, we find that it holds that there is no necessity, in a case like the one at bar, in making a request upon the City Solicitor.

And it may be noted that in the above case a demurrer was filed to the petition under the old revised statutes sections 1777 and 1778, and the court again refers to the distinction already noted above, therefrom.

Therefore, from a review of the entire case, it is our holding that the Court of Common Pleas was in error in sustaining the motion and making rulings of a similar nature, and thus holding, the judgment of the lower court is hereby reversed, with instructions to the Court of Common Pleas to overrule the demurrer, and an entry may be made accordingly.

Vickery and Levine, JJ, concur.