CITY OF LAKEWOOD ET AL., BROPHY, APPELLANT, *v.* REES ET AL., APPELLEES.

(Decided February 27, 1936.)

*Mr. R. G. Curren,* for appellee, the City of Lakewood.

*Mr. Hugh McNamee* and *Messrs. Vickery, Duffey & Vickery,* for appellant.

*Mr. C. B. Webster,* for appellees.

LIEGHLEY, P. J. November 20th, 1935, David J. Brophy, a Taxpayer, delivered a letter to the Law Director of the City of Lakewood, Ohio, containing after some preliminary statements the following demand:

"I therefore demand that you cause to be instituted legal proceedings to compel repayment to the water fund of the $70,000.00 so transferred; to prevent all

further such transfers; to compel an accounting as to any other such transfers if they have occurred; to obtain a reduction of water rates to a figure commensurate with the reasonable cost of supplying water and to obtain a proper disposal of the surplus in the water fund by distributing it among the rate payers whose payments created such surplus.''

Under date of November 21st, 1935, the Director replied acknowledging the receipt of the demand that an action be instituted to accomplish the specific objectives enumerated in the demand and agreed to full compliance therewith by saying: ''In answer to your demand, this is to advise you that as director of law I will file the action as requested.''

It appears that the Council passed an ordinance in November, 1934, to transfer seventy thousand dollars from the water fund to the general fund and requested the law director to file appropriate proceedings in the Common Pleas Court to secure authority so to do. This was done and authority granted. The transfer of said funds was accordingly made. The taxpayer claims like proceedings are contemplated for the 1936 budget and that like proceedings were probably had and transfers made in prior years. It is said that surplus moneys accumulate in the water fund from excessive rates charged from time to time that should be returned to the water users paying for same and that transfer thereof to the general fund is unlawful.

November 25th, 1935, the law director filed a petition, verified by himself, naming Finance Director Rees as defendant, in which certain sections of the Charter of the City of Lakewood were incorporated respecting the duties of the law director, which prescribed the duties of the law director to be substantially the same as are imposed on City Solicitors by Sections 4305 to 4316 General Code. That the action is filed in consequence of the demand of a taxpayer.

That seventy thousand dollars was transferred as claimed by ordinance and court authorization and that other transfers are threatened. That repayment of the seventy thousand dollars is sought and that an accounting of other transfers be allowed. Also, that a reduction of water rates and distribution of surplus be ordered. It is averred that the transfer was illegal and the statutes purporting to authorize same are unconstitutional. The prayer of the petition for injunction comprehends substantially all the items contained in the demand of the taxpayer.

A few days later the Finance Director filed an answer signed by an assistant law director consisting of a general denial and a plea of *res judicata*.

The taxpayer was not content with this compliance with his demand. On December 9th, 1935, he filed a motion for leave to intervene and tendered a proposed form of cross-petition attached to the motion making new parties defendant. He claims the petition filed is inadequate and insufficient to procure the relief sought and lacks necessary parties defendant.

It is charged that the action under and by reason of the circumstances will not be prosecuted vigorously, fairly and adversarily. To support this charge reliance is based on the claim that the Law Director is legal adviser of the council and doubtless took part in and advised the proceedings had to effect the transfer of funds; that when he did so he either then thought he was right in doing so or knowingly participated in a wrongful act; that this action is now being prosecuted and defended by the same law department of the City of Lakewood and that a vigorous prosecution of this action in good faith will not result at his hands.

On December 11th, the City filed a motion to strike the motion by the taxpayer for leave to file intervening petition and his petition from the files for the reason

that neither the provisions of the Lakewood charter nor the statutes of the State provide for such proceeding in a case wherein the Law Director upon demand elects to prosecute the action for the relief requested.

The plaintiff promptly filed a supplemental petition with leave to file and make new parties defendant incorporating therein in greater detail the ideas and averments contained in the proposed intervening petition evidencing thereby a disposition to place before the Court all the demands of the taxpayer.

This motion to strike was later granted and error is prosecuted to reverse this ruling.

The question is whether or not a taxpayer may intervene in a pending action brought by a solicitor or director of law in pursuance of a demand by a taxpayer to prevent the misapplication or misappropriation of municipal funds upon the claim that the circumstances are such that an honest, fair and vigorous prosecution of the case is improbable.

The pertinent sections of the Lakewood charter adopt the provisions of the General Code in defining the powers and duties of a solicitor as the powers and duties of its law director. Pertinent sections of the General Code follow:

"Sec. 4305. The solicitor shall prepare all contracts, bonds and other instruments in writing in which the city is concerned, and shall serve the several directors and officers mentioned in this title as legal counsel and attorney."

"Sec. 4308. When required so to do by resolution of the council, the solicitor shall prosecute or defend, as the case may be, for and in behalf of the corporation, all complaints, suits and controversies in which the corporation is a party, and such other suits, matters and controversies as he shall, by resolution or ordinance, be directed to prosecute, but shall not be required to prosecute any action before the mayor for

the violation of an ordinance without first advising such action."

"Sec. 4309. When an officer of the corporation entertains doubts concerning the law in any matter before him in his official capacity, and desires the opinion of the solicitor, he shall clearly state to the solicitor, in writing, the question upon which the opinion is desired, and thereupon it shall be the duty of the solicitor, within a reasonable time, to reply orally or in writing to such inquiry. The right here conferred upon officers shall extend to the council, and to each board provided for in this title."

"Sec. 4311. The solicitor shall apply in the name of the corporation, to a court of competent jurisdiction for an order of injunction to restrain the misapplication of funds of the corporation, or the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinance governing it, or which was procured by fraud or corruption."

"Sec. 4314. In case the solicitor fails upon the written request of any taxpayer of the corporation to make any application provided for in the preceding three sections, such taxpayer may institute suit in his own name, on behalf of the corporation; and any taxpayer of any municipal corporation in which there is no solicitor may bring such suit on behalf of such corporation. No such suit or proceeding shall be entertained by any court until the taxpayer shall have given security for the costs of the proceeding."

The duties of a solicitor are specifically defined. He shall prepare legal documents for the City and serve as legal counsel for its officers. He shall prosecute and defend actions for and against the corporation. He shall render legal opinions upon proper request. He shall apply for injunction to prevent misapplication of funds. He shall institute proceedings affect-

ing the municipal affairs upon demand of a taxpayer. In the event of his failure or refusal so to do, the taxpayer may do so.

So that if he brings the action in appropriate form upon demand, by statute the law department of a city has the burden of prosecuting and defending. If he refuses, he must defend. Whatever his private or personal opinion may be, his statutory and official duty is prescribed. This duty is discharged when and if the court is fairly advised of the facts and law tending to sustain the side of the case he represents whatever his private opinion may be. His private opinion may later be determined to be wrong.

The City has the undoubted right to employ all assistants necessary for an efficient force in its law department, but no authority seems to exist for employing any such that are not working in, through or with its legal department. The court cannot appoint counsel directly and should not do so indirectly by permitting a taxpayer to intervene, so long as the Law Director undertakes to perform in behalf of the City as demanded.

The spectacle of the same law office representing both sides of a lawsuit at first flush seems incongruous and incompatible with any reasonable hope of correct results. Occasionally a lawyer or a member of the judiciary, unmindful of or ignoring statutory regulations and arrogating to himself an unbecoming righteousness, will vociferously condemn such procedure. However, those who have any experience in municipal affairs know that seldom are there any issues of fact controlling in such litigation. There are questions of law mostly and lawyers on each side to brief the law for the court. Assume that one or both will fall short of full performance, the integrity of the court should not be challenged. The court may request additional proof or briefs as is done in other cases. Because the

taxpayer and his lawyer are girded for battle in waiting does not justify a departure from accustomed rules and practices recognized in other litigation. If the legislation presents anomalous situations or conditions unsavory to some, the remedy is with the legislature.

Section 4314, General Code, restricts the right of the taxpayer to institute and maintain any action for misapplication of funds or any other form of action the duty to prosecute which is specifically imposed on the solicitor unless and until he refuses so to do. The fact that the taxpayer elects to criticize the method or manner or procedure employed by the law director to accomplish the end sought or honestly believes that the action will not be faithfully and vigorously prosecuted will not serve to lift the restriction.

In the case at bar the taxpayer made demand and the demand was complied with. But it is claimed that by reason of the circumstances the right to prosecute exists notwithstanding. Because the law director advised the council legislation and court proceeding to transfer the funds, and is the regular legal adviser of the council, and his assistant defends the action, et cetera, some principle of equity should be invoked to permit intervention in the absence of statutory authority therefor.

Section 4314, General Code, contains no exception. There is scant statutory provision for intervention. One claiming an interest may be made a party in an action for the recovery of real or personal property. Section 11263, General Code. One who claims an interest adverse to the plaintiff may be made a party defendant. Section 11255, General Code. There is no statutory provision for intervention in the instant case.

There is no principle or rule of equity that may be invoked. Equity follows the law. The legislature has

prescribed the remedy. The right of the taxpayer has been restricted. When the solicitor substantially complies with the demand of the taxpayer, his conduct as a public official is not subject to supervision, control and repudiation by the taxpayer. Nor shall an apparent effort at substantial compliance with the demand be held to be no compliance to annul or remove the restriction imposed by statute. The legislature has provided and prescribed the remedy and recited no exception thereto.

Quoting from Pomeroy's Equity Jurisprudence, Volume I, Section 425 (3rd Ed.):

"With this respect the maxim has a double import and operation: *First*. Equity follows the law, in the sense of obeying it, conforming to its general rules and policy, whether contained in the common or in the statute law. This meaning of the principle was very clearly stated by Lord Chancellor Talbot in the following passage: 'There are instances, indeed, in which a court of equity gives a remedy, where the law gives none; but where a particular remedy is given by the law, and that remedy bounded and circumscribed by particular rules, it would be very improper for this court to take it up where the law leaves it, and to extend it further than the law allows.' "

The sections in Ohio Jurisprudence on Intervention will furnish little comfort or consolation to the proposed intervenor. In addition to the statutory provisions last above quoted, intervention in stockholders and kindred lawsuits are reviewed, but these present a personal direct financial interest not present in a suit by a taxpayer. Ohio Jurisprudence, Vol. 30, "Parties," Sections 64 to 70.

This is a lawsuit between the municipality and its officers. Municipality means the public generally. These sections are to be liberally construed and effectively applied to safeguard the rights of the munici-

pality. *Butler, a Taxpayer,* v. *Karb, Mayor,* 96 Ohio St., 472, 486, 117 N. E., 953. As stated in *State, ex rel. Teshera,* v. *Turgeon, Bldg. Commr.,* 32 Ohio App., 241, 167 N. E., 901, these sections 4311 to 4314, General Code, are intended to prevent a municipal corporation from becoming plaintiff in court without its consent. Suit by a taxpayer is an additional burden on the municipal treasury. When it consents, its solicitor is its representative, with his duties defined by statute, not by the court, and for his conduct he is primarily responsible to his city, its people, who may approve or discipline.

It is our opinion and judgment that the taxpayer has no right to intervene under the circumstances in this case and that the judgment of the trial court is correct. The judgment is affirmed with exceptions noted.

*Judgment affirmed.*

TERRELL and LEVINE, JJ., concurring.

TERRELL and LEVINE, JJ., concurring: While concurring in the judgment, we do not wish to be understood as announcing a proposition of law that in no case can the court allow intervention by a taxpayer in such an action. A mere paper compliance by the Director of Law with the demand made by the taxpayer to file suit, is not sufficient compliance. The compliance contemplated by the statute is a substantial compliance, so that the court will have presented to it all the issues of law and fact in order that a full and complete adjudication may be had.

In a proper case, the court may determine that a mere sham compliance by the Director of Law is no compliance with the demand of the taxpayer, in which event the court could allow the application of a taxpayer to intervene.

In this case it is apparent that the Director of Law has included in his petition all the demands made by the taxpayer so that a full adjudication thereof may be made by the court. We have no right to say at this time that the Law Director will not do his full duty.