Turner, J.,
 

 concurring. The judgment of the Court of Appeals would have been reversed for dismissing H. O. Miller and The Cincinnati Gas & Electric Company were it not for the fact that they were made parties in the Common Pleas Court, were allowed to appear as
 
 amici curiae
 
 in the Court of Appeals, and have been recognized as parties in this court. .They have had the opportunity to present their evidence and arguments and to appeal this cause to both the Court of Appeals and this court. Therefore, no prejudice has resulted to them. Section 11364, General Code.
 

 However, as it was necessary for this court to pass upon this question before proceeding to the consideration of the other questions raised by the record, we
 
 *610
 
 shall state our reasons why H. O. Miller and The Cincinnati Gas & Electric Company were proper parties.
 

 The first paragraph of the journal entry of the Court of Appeals reads: “This cause came on to be heard on the appeal of the defendants-appellants on questions of law from the Court of Common Pleas, Butler county, Ohio, the docket and journal entries, original papers, the bill of exceptions and the arguments of counsel. Upon consideration whereof the court finds that the trial court erred in allowing H. O. Miller and The Cincinnati Gas & Electric Company to be parties herein, and therefore, said parties H. O. Miller and The Cincinnati Gas
 
 &
 
 Electric Company are dismissed from this action.”
 

 Borrowing from the concurring opinion in the case of
 
 City of Lakewood
 
 v.
 
 Rees,
 
 51 Ohio App., 490, 498, 1 N. E. (2d), 953: “While concurring in the judgment, we do not wish to be understood as announcing a proposition of law that in no case can a court allow intervention by a taxpayer in such action. A mere paper compliance by the director of law with the demand made by the taxpayer to file suit, is not sufficient compliance. The compliance contemplated by the statute is a substantial compliance, so that the court will have presented to it all the issues of law and fact in order that a full and complete adjudication may be had.
 

 “In a proper case, the court may determine that a mere sham compliance by the director of law is no compliance with the demand of the taxpayer, in which event the court could allow the application of a taxpayer to intervene.”.
 

 In the instant case, the taxpayer set up that the petition did not include or set forth correctly all the issues of law and fact involved in the controversy and called to the attention of the city attorney, and that because of his position, the city attorney was unable fully, adequately, and vigorously to present this case.
 

 Tn the course of the opinion in the instant case, the
 
 *611
 
 first branch of the trial court said, in speaking of the application for intervention by the taxpayer, Horace O. Miller: “The petition and amendment thereto fails to include the important questions of fact raised by the request of this taxpayer. This fact alone is significant as being indicative of the attitude of the plaintiff towards the issue.
 

 “Because of the failure of the pleadings to contain these important questions of fact, and we believe it will be extremely difficult if not impossible for the city attorney to vigorously and adversarily present this issue to the court, we find that the taxpayer, Horace O. Miller, should be permitted to intervene in this case. ”
 

 Later, another branch of the trial court permitted The Cincinnati Gras & Electric Company to be made a party. This latter judge, in discussing the matter, said: “The court is entitled to have both sides of any issue presented fairly and fully and without requesting additional briefs, and in demanding this, the integrity of the court is not challenged. It occurs to me that it could be said with just as much force and reason that a lawyer representing both sides of a contested case, in order to assure correct results, must not only be endowed with an abundance of righteousness, but must also possess some celestial attributes not common to ordinary mankind.
 

 “In this case, the solicitor did file the pleadings as requested, but he admits that he assisted opposing counsel during the trial, consulting with him and defendants’ witnesses, subpoenaing witnesses for the defendants and testifying on defendants’ behalf.”
 

 On March 6, 1940, this court decided the case of
 
 State, ex rel. Skinner Engine Co.,
 
 v.
 
 Kouri, Dir.,
 
 136 Ohio St., 343, 24 N. E. (2d), 940. Before deciding the case, and after first overruling a motion of the Columbus & Southern Ohio Electric Company to be made a party respondent, this court
 
 sua sponte
 
 vacated its entry and allowed the motion.
 

 
 *612
 
 Both the city manager and the city attorney of Middletown serve at the pleasure of the city commission. The taxpayer’s action sought to defeat the very projects which the city manager and the city commission had determined upon. In the instant case, the city attorney evidently and sincerely believed that this case should be lost. It is not an answer to say that the court might call for additional briefs. In the first place, the preparation of a case is not the function of a court. Even if it were, busy trial courts may overlook matters not called to their attention, and may thus fail to call for additional briefs. Even if the court called for additional briefs, what assurance would there be that all cases in point would be called to their attention? Besides, what cases are in point is a matter of daily dispute in the courts throughout the nation.
 

 Nor is it an answer to say that the trial court might have permitted these taxpayers to have participated
 
 amici curiae.
 
 As friends of the court, they could not have appealed this case.
 

 Simple justice, as well as the purpose of Section 4314, General Code, requires that the trial court’s authority remain unhampered to see that the correct result be found as nearly as may be. Whether a taxpayer may be allowed to intervene and be represented by counsel of his own selection and at his own expense, is a matter which should rest within the sound discretion of the trial court.
 

 Both the bench and bar are familiar with the unsatisfactory results reached and bad precedents established where a case has been presented adversarily in form, but by agreement in substance. Under such conditions, there is no party inclined to appeal the case.
 

 What seemed to bother the one judge in the case of
 
 City of Lakewood
 
 v.
 
 Rees, supra,
 
 was that allowing a taxpayer to intervene would result in an obligation to make an allowance to the taxpayer’s attorney to be taxed against the municipality. The allowance of fees
 
 *613
 
 is strictly a matter resting within the discretion of the trial court, and is to be based upon the results accomplished. If a taxpayer’s attorney performs a meritorious service for the municipality, he should be paid, otherwise not.
 

 In addition to the inherent power of a court to see that a cause is so conducted as to do justice between the parties, we are of the opinion that the statutes of the state plainly give authority for, and require that, under such circumstances as have been shown in this case, the taxpayer or taxpayers at whose instance the suit was brought on behalf of the corporation under Section 4314, General Code, should be made party or parties as a matter of right. Section 11241, General Code, provides that an action must be prosecuted in the name of the real party in interest. Certainly, where one authorized by Section 4314, General Code, makes demand upon the city solicitor to bring an appropriate action, and that officer
 
 fails to institute and prosecute such proceeding in good faith,
 
 the taxpayer, as the representative of the real parties in interest, should be permitted to become a party to insure the honest prosecution of the action.
 

 Section 11254, General Code, provides: “All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs except as otherwise provided,” while Section 11255, General Code, provides: “Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein.”
 

 The foregoing statutes are sufficiently broad to authorize the action taken by the trial court in the instant case, and- in so doing, the trial court certainly did not abuse its discretion.
 

 In addition to the inherent power of the court and the rights of the parties under the foregoing statutes,
 
 *614
 
 there is an additional reason why the dismissal, especially of H. O. Miller, a natural person and domiciled within the municipality, was erroneous. It has long been recognized that a taxpayer in a municipal corporation has a status which, in the absence of a statute to the contrary, enables him to apply to a court of equity to prevent any abuse of corporate powers by the municipality, including unauthorized expenditures of funds or use of property.
 

 As pointed out by Judge Gilmore in
 
 Cincinnati St. Rd. Co.
 
 v.
 
 Smith,
 
 29 Ohio St., 291, 303, and reiterated in substance by Judge McIlvaine in
 
 Weir
 
 v.
 
 Day,
 
 35 Ohio St., 143, 146, and by Judge Spear in
 
 Pierce
 
 v.
 
 Hagans,
 
 79 Ohio St., 9, 16, 86 N. E., 519, 36 L. R. A. (N. S), 1: “The sections [now Sections 4311 to 4314, General Code] do not provide remedies that were previously unknown. Courts of equity had long taken jurisdiction and granted injunctions in such cases when properly presented by interested individuals, whose rights were put in jeopardy by the illegal or unauthorized acts, or threatened acts, of municipal corporations.”
 

 Judge Spear, in
 
 Pierce
 
 v.
 
 Hagans, supra,
 
 at page 18, quotes the following language of Mr. Justice Field in
 
 Crampton
 
 v.
 
 Zabriskie,
 
 101 U. S., 601, 25 L. Ed., 1070: “Of the right of resident taxpayers to invoke the interposition of a court of equity to prevent an illegal disposition of the moneys of the county or the illegal creation of a debt which they in common with other property holders of the county may otherwise be compelled to pay, there is at this day no serious question.”
 

 Williams, Matthias, Hart and Bettman, JJ., concur in the foregoing concurring opinion.