241 P.2d 798

**RUGEE v. HADLEY PRODUCTS, Inc. et al.**

**No. 5253.**

Supreme Court of Arizona.
March 10, 1952.

Clark & Coker, of Phoenix, for appellant.

George D. Locke and Leslie C. Hardy, of Phoenix, for appellee, Hadley Products, Inc. et al.

UDALL, Chief Justice.

William F. Rugee, plaintiff below, has appealed from the judgment of the lower court sitting without a jury, awarding him $2,750 against only the defendant Sam H. Reed and specifically denying him recovery against the other defendant, Hadley Products, Inc. Defendant Reed did not appeal from the judgment entered against him.

Briefly the facts are that on January 10, 1947, Reed sold to the Hadley Products, Inc., certain oil refinery equipment for $5,500, receiving $2,500 in cash, and simultaneously Frank Hadley, president of the corporation, executed and delivered to Reed a conditional sales contract and a negotiable promissory note for the balance of the purchase price. The note and contract was signed "Hadley Products, Inc. Frank Hadley", drew interest at 6% per annum, and full payment was due on or before April 10, 1947. Reed, on February 4, 1947, discounted the note and conditional sales contract by both endorsement and assignment to the plaintiff for $2,750. The note was presented on its due date but payment was refused and plaintiff for the first time learned of the alleged misrepresentations of the defendant Reed as to the production capacity of the equipment.

Plaintiff sued only on the note without asking for foreclosure of the conditional sales agreement and named both the maker of the note, Hadley Products, Inc., and the payee—endorser, Sam H. Reed as defendants, alleging he was a holder for value and that he took the instruments without knowledge or notice of any defects. Reed answered admitting that he was secondarily liable and cross claimed against the defendant Hadley Products, Inc., praying that the conditional sales contract be foreclosed and that the machinery be sold applying the proceeds of the sale to the debt. Defendant Hadley Products answered admitting that it was a corporation, and as such was in existence when these documents were executed; admitted that

the note was a corporate obligation and was not executed individually by Frank Hadley; admitted the dishonor; but set up the affirmative defense to the complaint of the plaintiff and the cross claim of the defendant of fraudulent representations by Reed as to the productive capacity of the equipment.

This action was filed on May 1, 1947 and from time to time thereafter the trial date was vacated; however it was finally tried on February 9, 1949. On the morning of the trial, Raymond O. Mitchell, a minority stockholder of the defendant corporation, tendered a motion to intervene together with an answer on behalf of the corporation. The motion was granted over objection of the plaintiff and defendant Reed. The only new defense attempted to be raised by the intervention was that the corporation was not legally in existence when the note and conditional sales contract were executed and alleged that it was not until February 13, 1947, 33 days after this transaction, that the articles of incorporation were filed with the Arizona Corporation Commission as required by law.

Plaintiff makes four assignments of error, the first of which have to do with the trial court's granting the motion to intervene. Plaintiff contends that in the absence of an allegation of fraud or bad faith a minority stockholder has no right to intervene when the defendant corporation has appeared in the action and answered the complaint. We agree with this contention.

■ A corporation when acting in good faith and within its corporate powers represents and binds its stockholders. Where a corporation refuses or fails to defend in good faith, a stockholder upon a proper showing and application may be allowed to intervene and defend on the corporation's behalf. Where it is a disregard of duty rather than an error of judgment the stockholder may intervene but intervention should be granted only with caution and hesitancy. Difani v. Riverside County Oil Co., 201 Cal. 210, 256 P. 210; Eggers v. National Radio Co., 208 Cal. 308, 281 P. 58; Fitzwater v. National Bank, 62 Kan. 163, 61 P. 684; 18 C.J.S., Corporations, § 560; 13 Fletcher Cyc. Corp., section 5853. In other words it is only where the intervening stockholder can show that the officers and directors of the corporation are refusing to act or are guilty of fraud in the maintenance or defense of an action that they are allowed to intervene.

In Davis v. Gemmell, 73 Md. 530, 21 A. 712, the court refused to allow minority stockholders to assert the defense of the statute of limitations against the claims of creditors, where the corporation itself was present in the action and did not wish to make that defense. The court said that the stockholders as such have no standing in court apart from the corporation except when they appeal to the court to prevent

ultra vires acts or from making some fraudulent disposition of the corporate property. We have not been referred to a single case where the stockholder has been accorded the right to intervene where the corporation in good faith answered the complaint and is prosecuting a defense. The right is limited.

The intervener in support of his position refers us to the following statement in Price v. Gurney, 324 U.S. 100, 65 S.Ct. 513, 516, 89 L.Ed. 776: "Similarly if a corporation has a defense to an action against it and is not asserting it, a stockholder may intervene and defend on behalf of the corporation. 10 Ohio Juris. § 257; Eggers v. National Radio Co., 208 Cal. 308, 281 P. 58; Fitzwater v. National Bank, 62 Kan. 163, 61 P. 684, 84 Am.St.Rep. 377." In the Price case the minority stockholders petitioned the court to set aside a judgment foreclosing a mortgage on the corporation's assets and praying for relief under Chapter X of the Bankruptcy Act. 11 U.S.C.A. § 501 et seq. They accompanied their petition with an affidavit which stated that an unsuccessful attempt had been made to have the corporation file the petition. It also set forth rather serious charges against the management of the corporation which if true would conclusively show fraud as against the stockholders' interests. The court set forth the general unqualified rule above and then went on to hold that the bankruptcy court was without jurisdiction to grant the relief. The above rule was therefore dicta which that court was merely quoting as a basis leading up to the question for decision, and from the affidavits presented the stockholders came squarely within the provisions of the rule as laid down by other courts. We don't believe that the court was attempting to change the rule or make new law, as the authorities cited in support of the above rule require a showing of fraud or dereliction of duty on the part of the officers or directors.

In the instant case there is no allegation of fraud by the intervener nor. does the record disclose any fraud or dereliction of duty by the officers of the corporation. The intervener merely alleges that he is a stockholder, owning 15% of the stock, and as such he is vitally interested in the action and that the corporation was not legally in existence at the time the note and conditional sales contract were executed. This is not sufficient to permit a stockholder to meddle in the affairs of the corporation when as here the corporation is present and defending in good faith.

Furthermore as a condition precedent to the right to intervene the stockholder must request the corporation to make the defense. This rule is well stated in 18 C.J.S., Corporations, § 564, as follows: "As a general rule, before a stockholder can be permitted to sue or defend on behalf of the corporation he must show that he has exhausted all available means to obtain within the corporation itself redress of his

grievances or action in conformity with his wishes, such as that a demand on the board of directors or other managing body to institute and maintain a proper action or proceeding has been made and refused, or that such a demand would be futile and unavailing." In the instant case the intervener never consulted the officers of the corporation or made a demand upon it to assert this defense. The only possible excuse he can have is that he did not learn the facts relative to this defense until the day before the trial began. The record however shows that he learned this suit was pending just after he purchased his stock in October of 1947, and actually examined the file of the corporation's attorney two months prior to the trial date. Be that as it may, it still does not relieve him of this duty as it was not shown that the corporation might not have heeded his request and amended its answer.

For the reasons given we hold that the trial court erred in granting the motion to intervene. It is therefore unnecessary for us to pass upon the other assignments of error.

■ Considering the admissions contained in the corporate answer with plaintiff's uncontradicted evidence proving that he was a holder in due course—which invalidated the corporation's only defense—the trial court erred in granting judgment against only the defendant Sam H. Reed. The judgment is therefore reversed with directions to enter judgment against both defendants as prayed for in plaintiff's complaint.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.