320 P.2d 955

**Del MITCHELL, Appellant,**

v.

**The CITY OF NOGALES, a municipal corporation (Plaintiff), Appellee,**

and

Jose S. Colunga, individually and as Mayor of the City of Nogales, Arizona, John W. Phillips, Hamilton Draper, Daniel Uribe, Robert O. Ziegler, Marcelino Varona, Ceasar G. Rios, *individually and as members* of the Board of Aldermen of the City of Nogales, Fidel A. Enciso, as Clerk and Treasurer of the City of Nogales, Arizona; and R. W. Beck and Associates (Defendants) Appellees.

No. 6296.

Supreme Court of Arizona.

Feb. 5, 1958.

Duane Bird and Thomas L. Hall, Nogales, and Evans, Kitchel & Jenckes by Jos. S. Jenckes, Jr. and Earl H. Carroll, Phoenix, for appellant.

Nasib Karam, Nogales City Atty., for plaintiff-appellee.

James V. Robins, Nogales, for defendants-appellees.

UDALL, Chief Justice.

The sole question presented on this appeal is whether the trial court erred in denying appellant Del Mitchell the right to intervene in an action filed by the City of Nogales, plaintiff, against defendants, the Mayor and Members of the Board of Aldermen of said city; and R. W. Beck and Associates.

The events giving rise to the instant appeal are as follows: defendants as the governing body of the City of Nogales adopted an emergency resolution declaring it was immediately necessary that a report and survey of gas and electric services, business and facilities of Citizens Utilities Company be made by a competent firm of engineers in order that the city might undertake a program to insure utility service at reasonable rates or in lieu thereof, that the property and facilities of such company be acquired by the city. Later R. W. Beck and Associates, a Washington co-partnership, were employed under a written contract to make such a survey at an agreed fee of $5,500. Appellant Del Mitchell is the local manager of the Citizens Utilities Company, and is a taxpayer though not a resident of the City of Nogales. Availing himself of the appropriate provisions of the City Charter (Ch. IX, sections 95, 96, 97) he demanded of City Attorney Nasib Karam that he institute an action in the name of the city against the Mayor and Board of Aldermen and the Beck Company to enjoin the payment of any moneys under said contract to R. W. Beck and Associates, or in the event that moneys have been paid thereon to recover same with 20% additional, plus

330

interest and costs. The city attorney within the allotted time filed such an action asserting numerous grounds why the contract *might be* unenforceable, and at the hearing obtained permission of court to amend the complaint by including additional grounds incorporated in appellant's proposed complaint in intervention. Apparently none of this satisfied appellant Mitchell for at this same hearing he filed a motion to intervene attached to which was his proposed complaint in intervention presenting—inter alia—the identical legal questions raised in plaintiff's amended complaint. Among the matters prayed for was a reasonable attorney's fee not to exceed 40% of the amount recovered or saved to the city, as the case may be. The proposed complaint in intervention doubtless is in effect the same as it would have been had the city attorney refused appellant's demand to sue.

The action came on for hearing on April 28, 1956, and appellant's motion to intervene with proposed complaint in intervention were met by objections thereto on the part of both plaintiff and defendants. After plaintiff amended his complaint to present most of the questions of law and fact found in appellant's proposed complaint, the motion to intervene was denied. However, in making such ruling the court stated:

"I think that his (appellant's) complaints in the petition have all been met by amendments, except the complaint that he may be inadequately represented. * * *

\* \* \* \* \* \*

" * * * even if the proposed intervenor were not allowed to intervene he certainly, his attorney, as amicus curiae, could sit in the trial and ask questions and help to see that the evidence is all presented and file briefs, if briefs are required * * *."

The trial date was then postponed for a week at which time, upon learning of this appeal, the trial date was vacated and the case continued indefinitely. This appeal then followed.

A motion to dismiss the instant appeal on the ground that the matters here involved were moot, because the city fathers had subsequently adopted a resolution cancelling the agreement with R. W. Beck and Associates, was denied by us in order that the issues here presented might be determined. It does appear, however, that no moneys were paid to the engineering firm under the resolution under attack.

The assignments of error in substance are (1) appellant had an absolute right to intervene, and (2) if not, then permissive intervention should have been granted. All in accordance with rule 24, subdivisions (a) and (b), Rules of Civil Procedure, 16 A.R.S.

As heretofore stated, plaintiff included in his amended complaint all of the pertinent matters found in the complaint in intervention. The only new matter under appellant's contention as to intervention as of "right" is the adequacy of the representation of his interest by the city attorney.

It is contended such representation is not adequate because, as city attorney, counsel for plaintiff was required to advise defendants on the legality of such contracts and it is alleged he did advise them the contract in question was legal. This the city attorney denies stating such advice came from the attorney who is representing defendants in this action. The personal opinion of the city attorney is not governing here. The charter places the burden upon the city attorney to prosecute such a suit upon the request of a taxpayer. In City of Lakewood v. Rees, 51 Ohio App. 490, 1 N.E.2d 953, 954, this same proposition was advanced against the law director who was proceeding, after demand of a taxpayer, against the finance director of the city to enjoin the alleged illegal transfer of funds. The court answered, saying:

"The duties of a solicitor are specifically defined. He shall prepare legal documents for the city and serve as legal counsel for its officers. He shall prosecute and defend actions for and against the corporation. He shall render legal opinions upon proper request. He shall apply for injunction to prevent misapplication of funds. He shall institute proceedings affecting the municipal affairs upon demand of a taxpayer. In the event of his failure or refusal so to do, the taxpayer may do so.

"So that if he brings the action in appropriate form upon demand, by statute the law department of a city has the burden of prosecuting and defending. If he refuses, he must defend. Whatever his private or personal opinion may be, his statutory and official duty is prescribed. This duty is discharged when and if the court is fairly advised of the facts and law tending to sustain the side of the case he represents whatever his private opinion may be. His private opinion may later be determined to be wrong."

The trial court found plaintiff's amended complaint apprised it of all the isssues presented by appellant. The city attorney complied with the demands of the taxpayer and proceeded with diligence. The taxpayer having been adequately represented, he has no intervention as of right. City of Cincinnati v. Kellogg, 153 Ohio St. 291, 91 N.E.2d 505.

We next turn to the assignment of error concerning permissive intervention. Appellant urges that the sole discretion vested in the trial court was whether or not

this intervention, if granted, would unduly delay or prejudice the adjudication of the rights of the original parties. We disagree as this is not the only factor to be taken into consideration under Rule 24(b), supra.

There is good reason for allowing the city officer, whose statutory duty it is to file such suit upon demand of a taxpayer, to prosecute the suit to its determination. This makes for good administration and prevents vexatious lawsuits by those who might entertain some personal grievance, or as is stated in Williams v. Stallard, 185 Ky. 10, 213 S.W. 197, at page 199, in speaking of a demand to recover alleged unlawful sums and the allowance of a taxpayer's suit only after refusal of the demand:

> "Any other rule would open the door of the courts to any over-officious citizen who might be dissatisfied with some lawful action of the fiscal court, or who might entertain a personal grievance or grudge against some member thereof, or against some officer or person affected, however groundless, to file unwarranted suits, resulting in an unnecessary loss of time to the officers of the county and also to the courts in disposing of the cases. It would also result in lending encouragement to one who is not vested with duties or discretion in such matters to substitute his judgment and discretion for that of those to whom the law has confided them."

It is commendable for a taxpayer to see that public funds are not squandered or disbursed illegally. The charter provisions have included a remedy to prevent this occurrence. Appellant sought the remedy under the charter and now seeks to circumvent that by his demand for the recovery of attorney fees, under the charter provisions, just as though the city attorney had not complied with his request for appropriate action against the defendants. This he cannot do.

■ An order denying an application to intervene is not res judicata and does not preclude a subsequent application. Crowe v. Hamilton Nat. Bank, 74 Colo. 407, 222 P. 394. The purpose, of course, of a later application to intervene would be to proceed under the charter provisions when and if the city attorney's actions were shown to be mere sham or such as to inadequately protect the taxpayers' interest. See, concurring opinion, City of Lakewood v. Rees, supra. As long as these interests are adequately protected it is not an abuse of discretion to deny intervention.

■ After the demand upon the city attorney and a finding, as here, that the city attorney is proceeding with diligence and has apprised the court of the issues and law on the subject, then the allowance of intervention is discretionary with the trial court. For an analogous situation as to a minority stockholder and a corporation,

see Rugee v. Hadley Products, 73 Ariz. 362, 241 P.2d 798, 33 A.L.R.2d 468.

While we are in accord with the contention that Rule 24, supra, governing intervention proceedings, is remedial and should be liberally construed with the view of assisting parties in obtaining justice and protecting their rights, it appears to us that, under the peculiar facts of this case, the trial court did not abuse its discretion in denying appellant the right to intervene.

Judgment affirmed.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concurring.