510 P.2d 740

B. Paul SAUNDERS et al., Petitioners,

v.

SUPERIOR COURT of Arizona IN AND FOR
the COUNTY OF MARICOPA et
al., Respondents.

No. 11025.

Supreme Court of Arizona,
In Banc.
June 6, 1973.

Hughes, Hughes & Conlan by John C. Hughes, Phoenix, for petitioners.

Nasib Karam, Nogales, and J. LaMar Shelley, Mesa, for respondents.

Gary K. Nelson, Atty. Gen. by Fred W. Stork, III, Phoenix, for state of Ariz.

HOLOHAN, Justice.

Petitioners seek intervention in a lawsuit filed by the City of Nogales and two of its

taxpayers, which lawsuit sought to have the act creating the Public Safety Personnel Retirement System declared unconstitutional. All parties to the original action objected to the intervention of petitioners, and the trial court denied intervention. The sole question presented here is whether petitioners should have been allowed to intervene. In view of the importance of the issues raised in the main action and the need for prompt resolution of the question of intervention we accepted jurisdiction.

The Public Safety Personnel Retirement System provides for pension benefits for policemen, firemen and law enforcement officers employed by the state. A.R.S. § 38–841 et seq. The system is to be funded by contributions from the employers of public safety personnel. The City of Nogales, as one of the employers in the System, challenged the constitutionality of the act, and asked for a declaration of its rights under the act as well as an injunction against operation of the act.

■ According to petitioners' motion to intervene:

"Applicant B. PAUL SAUNDERS is a full-time paid employee of the Fire Department of the City of Phoenix, Arizona, and is a member of the Public Safety Personnel Retirement System. Applicant ARIZONA STATE LODGE FRATERNAL ORDER OF POLICE is a [sic] incorporated association of law enforcement officers, having a membership in this state of approximately 2000 members. Applicant PROFESSIONAL FIREFIGHTERS ASSOCIATION OF ARIZONA is an association of firemen with a membership of approximately 1500 members in the State of Arizona. The applicants claim an interest relating to the subject of this action, and they and others similarly situated are so situated that the disposition of the action may as a practical matter impair or impede their ability to protect that interest."

In reviewing a denial of intervention, we will accept as true the allegations of the motion. Twitchell v. Home Owners' Loan Corp., 59 Ariz. 22, 122 P.2d 210 (1942). Petitioners urge that they are entitled to intervene as a matter of right under Rule 24(a), Rules of Civil Procedure, 16 A.R.S.

"Rule 24. Intervention

"24(a) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest."

Petitioners claim the right of intervention under both the conditions provided in Rule 24(a). Of course, if they can bring themselves within the terms of either of the conditions of the rule, they are entitled to intervene in the action.

■ Petitioners argue that two sections of the Declaratory Judgment Act (A.R.S. §§ 12–1832 and 12–1841) give them an unconditional right of intervention. The reliance on the Declaratory Judgment Act is misplaced. A.R.S. § 12–1841 provides in part that " . . . no declaration shall prejudice the rights of persons not parties to the proceeding." While the statute speaks of requiring that interested parties "shall be made parties," the section has been construed in the light of the Rules of Civil Procedure, to apply the procedural rules of joinder which would mean that petitioners are not necessary parties to the action. Anthony A. Bianco, Inc. v. Hess, 86 Ariz. 14, 339 P.2d 1038 (1959).

■ The petitioners do have a right to intervene under the conditions set forth in Rule 24(a)(2). Their interest in the litigation is apparent. A valuable right of petitioners is at issue, and they desire to have the act upheld.

As a practical matter if the Public Safety Personnel Retirement System is declared unconstitutional in the proceeding below, the beneficiaries under the act

would have no chance in future proceedings to have its constitutionality upheld. The principles of stare decisis would effectively dispose of their interest without any opportunity for them to be heard. This practical disadvantage to the protection of their interest in the retirement fund warrants their intervention as of right. Martin v. Travelers Indemnity Co., 450 F.2d 542, 554 (5th Cir. 1971). Respondents argue that the Attorney General adequately represents the interests of the beneficiaries under the act; therefore intervention should not be allowed, citing Mitchell v. City of Nogales, 83 Ariz. 328, 320 P.2d 955 (1958). This case held that a taxpayer could not intervene in a suit brought upon his complaint as long as his interests were adequately protected. The case deals with Rule 24 prior to its amendment. The 1966 amendment to Rule 24 consolidated two distinct tests for intervention as of right into the single provision found in part (a)(2) of the Rule. The Arizona amendment was identical to the Federal revision except that the Federal Rule states that intervention will be allowed when interest and impairment are shown "unless the applicant's interest is adequately represented by existing parties."

It is not necessary for us to decide the effect of the omission concerning adequacy of representation in the amended Rule 24, nor is reliance on Mitchell v. City of Nogales, supra, well founded. In *Mitchell* this Court pointed out that the action was being prosecuted by the officer who had a statutory duty to file and conduct the action. The proper administration of government required that those upon whom the statutes had placed a duty be allowed to perform their function, and there is no right to intervene unless the official is not adequately representing the taxpayers.

In the instant case the Attorney General represents the named state officials in the action, but the petitioners have a vested economic interest in the fund, the subject of the action. The interest of petitioners is not common to other citizens in the state. Respondent City of Nogales alleges in its original complaint that the retirement provisions of the act will impose an "additional added tax burden" which may bankrupt the city. In a sense the interests of the taxpayers and petitioners are in conflict, and each should be entitled to their own legal representation.

While intervention should have been allowed another question is presented as to whether petitioners should be allowed to intervene in their various capacities.

Clearly, B. Paul Saunders as a fireman and a member of the System should have been allowed to intervene. The problems lie in determining whether the Police and Fire Associations can intervene, and also whether intervention can be had for "others similarly situated."

In Arizona Fence Contractors Association, Inc. v. City of Phoenix Advisory & Appeals Board, 7 Ariz.App. 129, 436 P.2d 641 (1968), an incorporated association of fence contractors was allowed to bring a declaratory judgment action to represent the views of individual contractors. We agree with the view that an association "whose members are injured may represent those members in a proceeding for judicial review." Sierra Club v. Morton, 405 U.S. 727, 739, 92 S.Ct. 1361, 1368, 31 L.Ed.2d 636, 645 (1972). However, in the present case it appears that representation is intended to be for others as well as for the members of the association.

■ The petitioners should be allowed to intervene to protect their interest and those of their members, but the trial court need not allow the intervention as a class action under Rule 23, Rules of Civil Procedure, 16 A.R.S. This determination is left to his sound discretion.

■ One issue remains. Under Rule 24(c), Rules of Civil Procedure, 16 A.R.S., every motion for intervention is to be accompanied with a proposed pleading. Respondents contend that new issues cannot be raised in such a pleading, and the intervenor takes the case as he finds it at the

time of intervention. Pintek v. Superior Court, 78 Ariz. 179, 277 P.2d 265 (1954); Arizona Real Estate Department v. Arizona Land Title & Trust Co., 9 Ariz.App. 54, 449 P.2d 71 (1968). The petitioners are nevertheless entitled to intervene, and the trial court may rule on the matter of whether petitioners may raise the additional issues in their answer. Roosevelt v. Beau Monde Co., 152 Colo. 567, 384 P.2d 96 (1963). An intervenor certainly has the right to contest plaintiff's claim and to assert any legal defense allowed under the Rules of Civil Procedure. It is well to note that there are limitations to the language of Pintek v. Superior Court, supra. *See* Jenney v. Arizona Express, Inc., 89 Ariz. 343, 362 P.2d 664 (1961); Skurski v. Gurski, 329 Mich. 474, 45 N.W.2d 359 (1951).

The relief sought is granted, and the superior court is directed to allow petitioners to intervene as parties in the action.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, and LOCKWOOD, JJ., concur.