NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JENNIFER JONES, *Petitioner*,

*v.*

THE HONORABLE ARTHUR ANDERSON, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge,*

DEPARTMENT OF CHILD SAFETY; ADONISE W.; FAEGIN W.; F.W.;
A.W., *Real Parties in Interest.*

No. 1 CA-SA 18-0169
FILED 8-23-2018

Petition for Special Action from the Superior Court in Maricopa County
No. JD529834
The Honorable Arthur T. Anderson, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Horne Slaton PLLC, Scottsdale
By Thomas C. Horne (argued), Kristin M. Roebuck Bethell, Ida Araya
*Counsel for Petitioner*

Arizona Attorney General's Office, Tucson
By Dawn R. Williams (argued)
*Counsel for Real Party in Interest Department of Child Safety*

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Real Parties in Interest F.W., A.W.*

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Real Party in Interest Faegin W.*

Gary Alan Wieser Attorney at Law, Phoenix
By Gary A. Wieser
*Counsel for Real Party in Interest Adonise W.*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Diane M. Johnsen joined.

---

**M c M U R D I E**, Judge:

**¶1**         Jennifer Jones seeks special action relief from superior court orders denying her motions to intervene in a dependency action filed by the Department of Child Safety ("DCS") regarding two children, A.W. and F.W. (the "Children"), whom Jones had foster-parented for 22 months. Jones also seeks relief from the superior court's order finding Jones and her attorneys violated Arizona Revised Statutes ("A.R.S.") section 8-807(U). For the following reasons, we accept jurisdiction and grant relief, holding the superior court abused its discretion in how it denied Jones's motions to intervene, and by granting the § 8-807(U) motion without allowing Jones and her attorneys the opportunity to respond.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         In March 2016, due to abuse and neglect, DCS petitioned the superior court to find the Children dependent as to their biological mother and father, took temporary physical custody of the Children, and placed the Children in Jones's care. The superior court subsequently found the

2

Children dependent as to both parents in June 2016. The Children continued to live with Jones, but in September 2017, DCS moved to change physical custody of the Children to the Children's paternal aunt ("Aunt"). After an evidentiary hearing in November 2017, the superior court ordered the Children transitioned to Aunt's custody. Jones was present at the change in physical custody hearing, but was not represented by counsel and did not participate. By January 21, 2018, the Children were living full-time with Aunt.

¶3 On January 26, 2018, Jones petitioned the superior court to terminate the Children's biological parents' rights. The same day, she also moved to intervene in DCS's ongoing dependency case against the Children's parents. Both DCS and the Children's father objected to Jones intervening in the DCS action. The superior court denied Jones's motion to intervene, finding "[i]ntervention is not appropriate. In this case, foster placement has [the] right to participate in review proceedings [under] ARS § 8-847."

¶4 In May 2018, Jones amended her petition to terminate after learning the biological parents intended to consent to the Children's adoption. She also filed a renewed motion to intervene. Approximately one month later, Jones supplemented her renewed motion to intervene to attach an affidavit of a private investigator Jones hired to investigate Aunt. DCS, the Children's father, and the Children's *guardian ad litem* objected to Jones intervening in the DCS action. The superior court summarily denied Jones's renewed motion to intervene on June 22, 2018.[1]

¶5 On June 27, 2018, the case plan in the dependency action was changed to severance and adoption, and DCS moved to terminate the Children's parents' rights the following day. After DCS moved to terminate, the superior court dismissed Jones's termination petition. Jones then petitioned this court for special action review.[2]

---

[1] Jones's motion also included a "request for compliance with A.R.S. § 8-113" and an "alternative motion to change physical custody." The court denied the motion in its entirety.

[2] While the special action was pending, the superior court terminated the Children's biological parents' rights. Nonetheless, we have considered the biological parents' positions raised in the responses to the special action petition.

## SPECIAL ACTION JURISDICTION

**¶6**　　　　An order denying a motion to intervene is an appealable final order. *Bechtel v. Rose*, 150 Ariz. 68, 71 (1986). However, Arizona courts have repeatedly accepted special action jurisdiction of juvenile cases involving the denial of a motion to intervene because the petitioner has no "equally plain, speedy, and adequate remedy by appeal." *See* Ariz. R.P. Spec. Act. 1(a); *see also Bechtel*, 150 Ariz. at 72; *Allen v. Chon-Lopez*, 214 Ariz. 361, 362, ¶ 1 (App. 2007); *J.A.R. v. Superior Court*, 179 Ariz. 267, 273 (App. 1994); *ADES v. Superior Court (Alagna)*, 173 Ariz. 26, 27 (App. 1992). Accordingly, we accept special action jurisdiction.

## DISCUSSION

**¶7**　　　　Jones argues the superior court erred by denying her motions to intervene in DCS's dependency action against the Children's biological parents and by finding she and her attorneys violated § 8-807(U).

### A. The Superior Court Erred in How It Denied Jones's Motions to Intervene.

**¶8**　　　　Jones argues the superior court abused its discretion by denying her motions to intervene based upon our supreme court's decision in *Bechtel* claiming the court was obligated to make specific findings. *See Bechtel*, 150 Ariz. at 73–74. DCS counters the superior court did not err by denying Jones intervention because the record shows the court considered *Bechtel* and because Jones had the right to participate in the proceedings as a foster parent under A.R.S. § 8-847 and that right was not abridged. We agree with Jones that the superior court abused its discretion by denying Jones's motions to intervene without making the required *Bechtel* findings.

**¶9**　　　　Jones moved to intervene in DCS's dependency action based upon Arizona Rule of Civil Procedure 24(b). Under Rule 24(b)(1), the superior court "may permit anyone to intervene who: (A) has a conditional right to intervene under a statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion over permissive intervention, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Ariz. R. Civ. P. 24(b)(3). Rule 24 "is remedial and should be liberally construed with the view of assisting parties in obtaining justice and protecting their rights." *Bechtel*, 150 Ariz. at 72 (quoting *Mitchell v. City of Nogales*, 83 Ariz. 328, 333 (1958)). We review the superior court's ruling on a motion to intervene for an abuse of discretion. *Roberto F. v. ADES*, 232 Ariz. 45, 49, ¶ 17 (App. 2013) (as amended). An abuse of

discretion occurs if the superior court commits an error of law while exercising its discretion, *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005), and a summary denial of a motion to intervene is an abuse of discretion, *William Z. v. ADES*, 192 Ariz. 385, 389, ¶ 22 (App. 1998).

**¶10** If either condition for intervention under Rule 24(b) has been satisfied in a juvenile proceeding, the superior court "must determine whether the party opposing intervention has made a sufficient showing that intervention is not in the child[ren]'s best interest." *Allen*, 214 Ariz. at 365, ¶ 12; *see also Bechtel*, 150 Ariz. at 73. In making that determination, the court must consider a number of factors identified in *Bechtel*. *Allen*, 214 Ariz. at 365, ¶ 12. Those factors are:

> (1) "the nature and extent of the intervenors' interest" in the dependency case, (2) the intervenors' "standing to raise relevant issues" in the dependency case, (3) the legal position the interveners "seek to advance, and its probable relation to the merits of the case," (4) "whether the interveners' interests are adequately represented by other parties" already present in the litigation, (5) "whether intervention will prolong or unduly delay the litigation," and (6) "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."

*Roberto F.*, 232 Ariz. at 52, ¶ 33 (quoting *Bechtel*, 150 Ariz. at 72).

**¶11** This court has previously held a superior court will not abuse its discretion by permitting foster parents to intervene if it concludes that they share common issues of law or fact with a pending DCS-initiated case. *Roberto F.*, 232 Ariz. at 52–54, ¶¶ 32, 40. In this case, in its order denying Jones's first motion to intervene, the superior court did not address *Bechtel* but found "[i]ntervention is not appropriate. In this case, foster placement has [the] right to participate in review proceedings [under] ARS § 8-847."

**¶12** DCS argues the court correctly found that as a foster parent, Jones had the right to participate in review proceedings in the dependency action, that Jones "participated in numerous" hearings, and that the superior court's orders did not abridge that right. Under § 8-847(B), "[a]ny foster parent in whose home the child resided within the last six months" must be given notice of periodic review hearings held after a dependency disposition hearing and has "the right to *participate* in the proceeding." (Emphasis added). At the time the superior court denied Jones's first

motion to intervene, the Children had been living with Jones within the last six months. Thus, the court was correct in finding she had a right to "participate" in the proceedings and there is no evidence in the record Jones was denied information, documents, or the right to participate she was entitled to as a former foster parent.[3]

**¶13**        However, as DCS recognized in its response to this special action, "participants" are not afforded the same rights as "parties" in juvenile proceedings. *See* Ariz. R.P. Juv. Ct. 37(A), (B) (including foster parents under the definition of "participants" in juvenile proceedings but not under the definition of "parties"); *Roberto F.*, 232 Ariz. at 50, ¶ 19, n.5. For example, "parties" may have the right to court-appointed counsel, A.R.S. §§ 8-824(D)(1), -843(B)(1); Ariz. R.P. Juv. Ct. 65(C)(5)(a); the right to file motions, *see* Ariz. R.P. Juv. Ct. 46; the rights and obligations related to discovery and disclosure, *see* Ariz. R.P. Juv. Ct. 44; and the right to call and examine witnesses, A.R.S. § 8-843(B)(3), (4); Ariz. R.P. Juv. Ct. 65(C)(5)(b), (d). Unlike a party, the superior court may also limit a participant's presence at hearings. Ariz. R.P. Juv. Ct. 41(C). Thus, Jones's right to participate in the proceedings under § 8-847 did not grant her the same rights she would have been afforded had she been made a party by intervention, and the superior court erred by denying Jones's first motion to intervene based upon what appears to be its mistaken belief that the right to participate under § 8-847 was equivalent.

**¶14**        DCS acknowledges that a motion to intervene by a long-time foster parent such as Jones is subject to *Bechtel*, which addressed a motion filed by a grandparent. *Bechtel*, 150 Ariz. at 70. But DCS argues the record shows the superior court did not err by denying Jones's motions to intervene under Rule 24(b) and *Bechtel*. Relying on *Roberto F.*, DCS asserts this court "must presume (and the record indicates)" that the superior court "considered the *Bechtel* factors and the children's best interests here," and that the record supports the superior court's implicit finding that the factors did not support intervention. We disagree.

---

[3]        On July 5, 2018, the superior court found Jones and her attorneys violated § 8-807(U) and excluded them from participating in any further proceedings. *See infra* ¶ 17. However, the record discloses no proceedings that took place that Jones would have been entitled to participate in between July 5 and July 21, 2018, six months after the Children were placed full time with Aunt.

**¶15** In *Roberto F.*, the superior court found a foster parent was permitted to intervene based upon *Bechtel*, but did not expressly analyze each of the *Bechtel* factors. *Roberto F.*, 232 Ariz. at 48–49, 52 ¶¶ 11, 34. This court found reasonable evidence in the record that some of the factors weighed in favor of granting intervention and that intervention was in the children's best interests. *Id.* at 52–54, ¶ 34–40. Here, however, the superior court made no reference to *Bechtel* or Rule 24 in its orders denying Jones's motions to intervene, and any possible consideration by the court of the *Bechtel* factors was ambiguous at best. Jones's motions to intervene and the parties' objections to those motions cited *Bechtel*, and the court stated it reviewed those pleadings, but there is no evidence in the record the court made any "individualized determination" based upon the evidence of whether intervention was in the Children's best interests. *See Bechtel*, 150 Ariz. at 74 ("Because there is no evidence that the juvenile court made an individualized determination of the petitioner's motion to intervene, . . . we must conclude that the juvenile court abused its discretion by summarily denying intervention."); *William Z.*, 192 Ariz. at 389, ¶ 22 (based upon *Bechtel*, a lack of an individualized determination explaining the superior court's denial of a motion to intervene constitutes an abuse of discretion). Because the superior court incorrectly relied on Jones's right to participate in the proceedings under § 8-847(B)(2), and there is no evidence in the record to support a conclusion that the court considered the *Bechtel* factors or whether intervention was in the Children's best interests, we hold the superior court abused its discretion by summarily denying Jones's motions to intervene.

**¶16** We further note that although the Children's parents' rights have been terminated, the denial of Jones's motions to intervene is not moot. DCS also recognized this in its response. After a child has been found dependent, the superior court must hold periodic review hearings at least every six months. A.R.S. § 8-847(A). At each hearing, the petitioner must provide the court with a report that addresses the child's placement, Ariz. R.P. Juv. Ct. 58(C)(1), and the court must review its disposition orders, which include placement, A.R.S. §§ 8-845(A), -847(B). A dependent child continues to be dependent until an adoption decree is entered. *See* A.R.S. § 8-201(15) (a "dependent child" is a child "[i]n need of proper and effective parental care and control and who has no parent or guardian"); A.R.S. § 8-117 (an adoption decree establishes a parent-child relationship between a child and the adoptive parent and "completely sever[s]" the relationship between the adopted child and the child's prior parents). Because the superior court erred by denying Jones's motions to intervene based on § 8-847(B)(2) and without considering the *Bechtel* factors, and because the

issue is not moot, we vacate the orders denying the motions to intervene and remand to the superior court to reconsider its orders.

**B. The Superior Court Erred by Entering an Order Finding Jones and her Attorneys Violated A.R.S. § 8-807(U) Without Giving Jones and Her Attorneys an Opportunity to be Heard.**

¶17        Jones also seeks special action relief from the superior court's order finding she and her attorneys violated § 8-807(U)'s confidentiality provision. Jones and her counsel maintain they were not given notice of DCS's motion for an order prohibiting Jones from disclosing DCS information or other personally identifiable information that led to the superior court finding § 8-807(U) was violated. The record reflects they were not given notice, and it would be error for the superior court to rule on the motion without first giving Jones and her counsel the opportunity to respond. *See* Ariz. R.P. Juv. Ct. 46(B), (C) (all parties must be served with a copy of a motion and the court may rule on a motion without a response if the motion states there is no objection or the time for filing a response has expired). Although the court may not have been aware Jones and her counsel were not notified that DCS filed the motion, once the court became aware of that fact it should have vacated its order ruling on the motion. We therefore vacate the superior court's order finding Jones and her attorneys violated § 8-807(U).

**CONCLUSION**

¶18        For the foregoing reasons, we accept jurisdiction and grant relief. We vacate the superior court's orders denying Jones's motions to intervene and the court's finding Jones and her attorneys violated § 8-807(U) and remand for further proceedings consistent with this decision. The stay of adoption proceedings previously entered by this court is vacated.

