396 P.2d 394

**JOHN F. LONG HOMES, INC., an Arizona corporation, Petitioner,**

**v.**

**The Honorable Wm. A. HOLOHAN, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Board of Adjustment No. 2 of the City of Phoenix, Arizona, and Arthur Cappon, Respondents.**

No. 8522.

Supreme Court of Arizona.

En Banc.

Nov. 5, 1964.

Murphy, Posner & Franks, and John A. Murphy, Jr., Phoenix, for petitioner.

Hunter, Bartlett & Penn, Phoenix, for respondents.

BERNSTEIN, Justice.

This is an original proceeding in mandamus directed to the Superior Court of Maricopa County praying that the Superior Court and the Honorable William A. Holohan, Judge thereof, be compelled to recognize petitioner's right to intervene in a suit between one Arthur Cappon and the Board of Adjustment No. 2 of the City of Phoenix, and the members of the Board.

In July 1964, the Board of Adjustment No. 2 of the City of Phoenix granted the petitioner, John F. Long Homes, Inc., a use permit authorizing construction of a mobile home park. On August 20, Arthur Cappon filed a petition for a Writ of Certiorari in the Superior Court for Maricopa County to review the action of the Board. On September 10, 1964, the Superior Court entered a judgment finding the use permit void. Immediately following the entry of judgment the petitioner, John F. Long Homes, Inc., requested the City of Phoenix to appeal the judgment and was notified by letter of September 15th from the City of Phoenix that the City would not prosecute an appeal. Within three hours after receipt of the above notice from the City of Phoenix, petitioner filed a motion to intervene in the Superior Court pursuant to Rule 24(a), Rules of Civil Procedure, 16 A.R.S. That Rule reads:

"Rule 24. Intervention

"24(a) Intervention of right. Up-

on timely application anyone shall be permitted to intervene in an action:

"1. When a statute confers an unconditional right to intervene.

"2. When the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action. * * * "

On September 18th the Honorable William A. Holohan entered an order denying petitioner's motion. On October 6th, this court issued an alternative writ of mandamus and allowed the parties 15 days to file additional briefs.

 Respondent first contends that mandamus is not the proper remedy, relying on State v. Phelps, 67 Ariz. 215, 193 P.2d 921. This case held that mandamus to the Superior Court does not lie:

" 'If the act sought for be judicial or discretionary in its character * * *.' " 67 Ariz. at 218, 193 P.2d at 923.

But that case also stands for the propositions that:

"Mandamus will issue to compel public officers, including judges of inferior courts, to perform an act which the law specifically enjoins as a duty arising out of the office." 67 Ariz. at 218, 193 P.2d at 923.

We are of the opinion that this case is controlled by the second proposition quoted

from Phelps, supra. Sections 1 and 2 of Rule 24(a) requires the trial judge to allow intervention where the application is timely and where the applicant is or may be bound by a judgment and his interests are not adequately protected by the existing parties. Where these elements are present there is a right to intervene. Under such circumstances the trial judge has no discretion to deny the motion and his granting of the motion is required by Rule 24(a). This view finds support in Brown v. DeConcini, 60 Ariz. 476, 140 P.2d 224, interpreting A.R.S. § 21-527 (Code 1939), now Rule 24(a). In Brown, supra, the Administrator of the Office of Price Administration was granted a petition for mandamus to intervene in a suit between two private individuals under the Price Control Act of 1942. The court held that as the Price Control Act gave the administrator a right to intervene in any suit where one of the parties relies on the Act for either relief or defense, mandamus was the proper remedy to require the trial judge to grant the application for intervention pursuant to what is now Rule 24(a) 1, supra.

 The questions here are whether the petitioner will be bound by the judgment, whether the representation of the petitioner's interest on appeal by the City of Phoenix is adequate and whether the application of petitoner to intervene is timely. Respondent contends that petitioner will

not be bound by the judgment in that it may file a new application for a use permit after the expiration of one year after denial of the original application, to wit, March 25, 1965. We find this argument to be without merit. All the respondent is really saying is that the judgment, because of the terms of the ordinance is only effective until March 25, 1965. Petitioner is subject to the judgment as long as it has legal effect. and thus is necessarily "bound" by it.

And

"* * * a mere possibility that the judgment will be binding is sufficient to permit intervention, when the other conditions are met." 2 Barron & Holtzoff, Wright ed. Federal Practice and Procedure page 381, Ch. 8, Sec. 597.

█ Respondent also contends that petitioner has been adequately represented in that the attorneys for the City of Phoenix presented all the issues squarely in the trial court and relies on Mitchell v. City of Nogales, 83 Ariz. 328, 320 P.2d 955. In Mitchell, supra, the intervenor requested intervention in a suit in which the city attorney was the plaintiff. Intervention was refused on the ground that all of the allegations of the intervenor were contained in the complaint filed by the city attorney. An appeal was taken by the intervenor from the denial of motion to intervene and a trial date which had been set for trial on the merits was vacated. This court affirmed

the denial of intervention on the ground that the intervenor's interests were adequately represented in the trial court by the city. It will be noted that the issue in that case was adequate representation of intervenor's interest by the city *in the trial court.*

In the instant case intervention is requested by the petitioner so that he may prosecute an appeal which the city has refused to take. The question of protecting the intervenor's right to appeal was not the issue in Mitchell. It is the only issue in this case and it is conceded that if the application to intervene is denied, petitioner will not be able to appeal. To that extent petitioner's interests are not only being inadequately represented by the city, they are not being represented at all.

█ Respondent's main argument is that the application to intervene was not timely. Respondent argues that applicant filed amicus briefs in the lower court and that it should have made application to intervene prior to a hearing on the merits in the lower court. Mitchell, supra, states that an application to intervene in the lower court under Rule 24(a) is improper where arguments presented by the city are those which would be presented by the applicant. Thus, applicant was in no position to intervene under Rule 24(a) prior to judgment and the receipt of notice by the city that it did not intend to prosecute the appeal. Upon receipt of this notice peti-

tioner made application to intervene within three hours. We are of the opinion that an application made to intervene within three hours after the first time an application could be entertained has been timely made. Mitchell, supra.

■ Respondent further contends petitioner could have made application for permission for intervention under Rule 24(b), Rules of Civil Procedure which read:

"24(b) Permissive intervention. Upon timely application anyone may be permitted to intervene in an action:

"1. When a statute confers a conditional right to intervene.

"2. When an applicant's claim or defense and the main action have a question of law or fact in common.

"In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

We agree with petitioner that under Rule 24(b) it is within the discretion of the trial court to permit intervention under this rule, but we point out that we have discouraged the use of this discretion where the city is the party on whose side the application to intervene is made. In Mitchell, supra, we said:

"There is good reason for allowing the city officer, whose statutory duty it is to file such suit upon demand of a taxpayer, to prosecute the suit to its determination. This makes for good administration and prevents vexatious lawsuits by those who might entertain some personal grievance, or as is stated in Williams v. Stallard, 185 Ky. 10, 213 S.W. 197, at page 199, in speaking of a demand to recover alleged unlawful sums and the allowance of a taxpayer's suit only after refusal of the demand:

"'Any other rule could open the door of the courts to any over-officious citizen who might be dissatisfied with some lawful action of the fiscal court, or who might entertain a personal grievance or grudge against some member thereof, or against some officer or person affected, however groundless, to file unwarranted suits, resulting in an unnecessary loss of time to the officers of the county and also to the courts in disposing of the cases. It would also result in lending encouragement to one who is not vested with duties or discretion in such matters to substitute his judgment and discretion for that of those to whom the law has confided them.'" 83 Ariz. at 332, 320 P.2d at 957.

We are of the opinion that failure to apply for intervention under 24(b) does

not make the application for intervention under Rule 24(a) any less timely.

The alternative writ of mandamus is hereby made permanent and respondent is directed to make and enter in cause number 165383 an order granting petitioner leave to intervene and petitioner may file his motion for a new trial forthwith so that he may perfect his appeal from the judgment of the court below.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and SCRUGGS, JJ., concurring.