IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

HERITAGE VILLAGE II HOMEOWNERS ASSOCIATION,
*Plaintiff/Appellee*,

RICHARD WEINBERG, et al., *Defendants/Appellees-Cross-Appellants*,

*v.*

JOHN L. NORMAN; GERRY MOLOTSKY, *Intervenors/Appellants-Cross-Appellees*.

No. 1 CA-CV 18-0193
FILED 5-21-2019

Appeal from the Superior Court in Maricopa County
No. CV2014-009229
The Honorable Hugh E. Hegyi, Judge, *Retired*

**REVERSED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Dickinson Wright, PLLC, Phoenix
By Scott A. Holcomb, David J. Ouimette
*Counsel for Plaintiff/Appellee*

Mandel Young, PLC, Phoenix
By Taylor C. Young, Robert A. Mandel
*Counsel for Defendants/Appellees-Cross-Appellants*

Fennemore Craig, P.C., Phoenix
By Douglas C. Northup, Emily Ayn Ward
*Counsel for Intervenors/Appellants-Cross-Appellees*

---

## OPINION

Presiding Judge James B. Morse Jr. delivered the opinion of the Court, in which Judge Jon W. Thompson and Vice Chief Judge Peter B. Swann joined.

---

**M O R S E**, Judge:

¶1　　　John L. Norman and Gerry Molotsky ("Movants") appeal the superior court's denial of their motion to intervene and corresponding award of attorneys' fees to Heritage Village II Homeowners' Association ("Heritage") and Richard and Laine Weinberg.  The Weinbergs cross-appeal the court's partial denial of their application for attorneys' fees.  The superior court denied intervention for two reasons:  (1) Movants did not seek intervention in a timely manner, and (2) Movants' ability to protect their interests would not be impaired or impeded because they could pursue a separate cause of action.  For the reasons set forth below, we conclude that Movants were not untimely and that the availability of a separate cause of action does not create a per se prohibition to intervention of right.  Accordingly,  we reverse the superior court's order denying the motion to intervene and vacate the orders awarding fees and dismissing the lawsuit.  We remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2　　　The Weinbergs own a home located in Heritage Village II, which is part of the McCormick Ranch master-planned community in Scottsdale.  In July 2014, Heritage sued the Weinbergs alleging they violated the applicable covenants, conditions, and restrictions ("CC&Rs") in building their new home.  The complaint included claims for declaratory relief, breach of contract, and breach of the duty of good faith and fair dealing.

¶3　　　After a three-day hearing, the superior court granted declaratory relief, concluding the Weinbergs had violated the CC&Rs and ordering them to bring their home into compliance.  Thereafter, the court awarded Heritage $111,711.53 in attorneys' fees and $3,932.22 in costs.[1]

---

[1]　　The Weinbergs appealed from the attorneys' fee award, but this court dismissed their appeal for lack of jurisdiction.  *See generally Heritage*

¶4 The superior court then entered an order directing the Weinbergs to take specific remedial measures to bring their home into compliance with the CC&Rs. Nine months later, Heritage moved to compel compliance with the order. Granting the motion in part, the superior court noted that the parties were still unable to agree on modifications necessary to bring the Weinbergs' home into compliance with the CC&Rs.

¶5 Meanwhile, Heritage's Board of Directors (the "Board") began to disagree on litigation strategy, dividing into a four-member majority and a three-member minority. In July 2017, the Board majority voted to settle with the Weinbergs, who agreed to make minor changes to their home in exchange for Heritage's promise to release them from liability for all attorneys' fees, including the $111,711.53 already awarded. The majority reasoned that there was "no end in sight" to the litigation and that Heritage was not financially able to further pursue the litigation.

¶6 Movants are homeowners and members of Heritage. One day before Heritage and the Weinbergs filed their notice of settlement, Movants filed an emergency motion to intervene pursuant to Arizona Rule of Civil Procedure ("Rule") 24(a)(2), and filed an independent lawsuit in superior court against the Weinbergs. *See generally* Maricopa County Superior Court Case No. CV2017-009249.

¶7 Heritage and the Weinbergs opposed Movants' intervention motion. Following oral argument, the superior court denied the motion to intervene and awarded Heritage and the Weinbergs some, but not all, of their attorneys' fees incurred in responding to the motion. The court then entered final judgment approving the settlement and dismissing all claims.

¶8 Movants appealed, and the Weinbergs cross-appealed from the partial denial of their request for attorneys' fees. We have jurisdiction pursuant to Arizona Revised Statutes sections 12-2101(A)(1) and (A)(3). *See McGough v. Ins. Co. of N. Am.*, 143 Ariz. 26, 30 (App. 1984) ("[A]n order denying intervention is an appealable order . . . .").

## DISCUSSION

¶9 In reviewing the denial of a motion to intervene, we accept the allegations of the motion as true. *Saunders v. Superior Court*, 109 Ariz. 424, 425 (1973). We review de novo the superior court's ruling on an

---

*Vill. II Homeowners' Ass'n v. Weinberg*, 1 CA-CV 15-0547, 2017 WL 929743 (Ariz. App. Mar. 9, 2017) (mem. decision).

applicant's right to intervene under Rule 24(a)(2). *Dowling v. Stapley*, 221 Ariz. 251, 269-70, ¶ 57 (App. 2009). We review the court's ruling on the motion's timeliness, however, for an abuse of discretion. *State ex rel. Napolitano v. Brown & Williamson Tobacco Corp.*, 196 Ariz. 382, 384, ¶ 5 (2000).

## I.     Denial of Motion to Intervene

**¶10**          A third party's ability to intervene as a matter of right is governed by Rule 24(a)(2). Under this rule, the superior court must permit intervention when four conditions are satisfied: (1) the motion is timely; (2) the movants claim an interest relating to the subject of the action; (3) the movants show that disposition of the action may, as a practical matter, impair or impede their ability to protect their interests; and (4) the movants show that existing parties do not adequately represent their interests. *Woodbridge Structured Funding, LLC v. Ariz. Lottery*, 235 Ariz. 25, 28, ¶ 13 (App. 2014); Ariz. R. Civ. P. 24(a)(2).

**¶11**          Movants satisfy condition two and four. As homeowners and members of Heritage, they have an interest in ensuring the Weinbergs comply with the CC&Rs, which expressly provide that any owner "shall have the standing and right to enforce" the restrictions against other owners.[2] Likewise, Movants contest the settlement agreement between Heritage and the Weinbergs and allege that the settlement permits violations of the CC&Rs to go forward unremedied. We must accept these allegations as true, and agree that Heritage no longer adequately represents Movants' interest in enforcing the CC&Rs against the Weinbergs. *See Woodbridge,* 235 Ariz. at 27, ¶ 3 ("[W]e take the allegations of [the] motion to intervene as true . . . .").

**¶12**          The superior court found that Movants failed to satisfy conditions one and three. We address these conditions in turn.

### A.     Timeliness of the Motion

**¶13**          Intervention as a matter of right requires a "timely motion." Ariz. R. Civ. P. 24(a). Timeliness hinges on two discrete questions: "the stage at which the action has progressed before intervention is sought and whether the applicant was in a position to seek intervention at an earlier

---

2          The parties do not dispute that individual members have standing to enforce the CC&Rs, but they disagree as to how this authority applies in the context of architectural approval under the CC&Rs. Because the broad grant of standing is sufficient to confer an interest in enforcement of the CC&Rs, we need not decide how far that interest extends.

stage of the proceedings." *Winner Enterprises, Ltd. v. Superior Court (Hancock)*, 159 Ariz. 106, 109 (App. 1988).

¶14    Movants argue that timeliness is measured "not from the inception of the case, but from when the movant has notice that its interests are no longer being adequately represented." Both the text of the Rule and the relevant case law support their position.

¶15    The Rule does not allow intervention of right where "existing parties adequately represent" the interest of the proposed intervenor. Ariz. R. Civ. P. 24(a)(2). Because Movants could not seek intervention of right until their interests diverged from those of Heritage, the Rule implicitly provides that timeliness must be measured from the stage in the proceedings at which Heritage no longer represented Movant's interests.

¶16    Our supreme court reached the same conclusion in interpreting an earlier version of the Rule. *See John F. Long Homes, Inc. v. Holohan*, 97 Ariz. 31 (1964). In that case, a home builder obtained a use permit from the City of Phoenix Board of Adjustment to construct a mobile home park. *Id.* at 32. A third party then petitioned the superior court to review the Board's decision, and the superior court entered a judgment finding the permit void. *Id.* The builder asked the City of Phoenix, a party to the superior court action, to appeal the court's judgment, but the City refused. *Id.* The builder moved to intervene after receiving notice from the City that it would not appeal. *Id.* Our supreme court found the builder's motion was timely:

> [A]n application to intervene in the lower court under Rule 24(a) is improper where arguments presented by the city are those which would be presented by the applicant. Thus, applicant was in no position to intervene under Rule 24(a) prior to judgment and the receipt of notice by the city that it did not intend to prosecute the appeal. Upon receipt of this notice petitioner made application to intervene within three hours. We are of the opinion that an application made to intervene within three hours after the first time an application could be entertained has been timely made.

*Id.* at 34-35; *see also United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (concluding that a motion to intervene was timely because movants "acted as soon as they had notice that the proposed settlement was contrary to their interests"); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("The crucial date for assessing the timeliness of a motion to intervene is when

proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties.").

**¶17**　　　　Here, the majority of the Board voted to accept the Weinbergs' settlement offer on July 7, 2017. Movants filed their emergency motion to intervene only five days later, before the Weinbergs and Heritage even filed their notice of settlement. Movants acted promptly after realizing that Heritage no longer adequately represented their interests. Therefore, the superior court abused its discretion in finding that the motion to intervene was untimely. *See Winner Enterprises, Ltd.*, 159 Ariz. at 109-10 (finding intervention was timely when it was sought at least 21 days after movant had notice of the proceedings and entry of a preliminary injunction).

## B.　　Impaired or Impeded Ability to Protect Interests

**¶18**　　　　Movants also must show that disposition of the action "may as a practical matter impair or impede" their ability to protect their interests. Ariz. R. Civ. P. 24(a)(2). In denying the motion to intervene, the superior court did not determine whether the resolution of this case could possibly have an impact on the Movants' interest in enforcing the CC&Rs against the Weinbergs. Instead, the superior court relied on its determination that Movants "are free to file a separate lawsuit against the . . . Weinbergs concerning the matters the instant action raises."

**¶19**　　　　Arizona cases have not yet opined on whether the availability of a separate action acts as a bar to intervention, but Federal Rule of Civil Procedure 24 is substantively indistinguishable from Arizona Rule 24, and we may look for guidance to federal courts' interpretations of their rules. *See Marquette Venture Partners II, L.P. v. Leonesio*, 227 Ariz. 179, 182, ¶ 11, n.6 (App. 2011).[3]

**¶20**　　　　There is a split in authority in the federal cases and even among courts within the same circuit on this issue. Some courts have found that an intervenor's interest is not impaired or impeded unless the intervenor will be precluded from protecting its interests in another forum. *See, e.g.*, *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir.

_____

[3]　　　Federal Rule 24 was liberalized to its current form in 1966, and "an earlier draft would have required that the judgment 'substantially' impair or impede the interest, but that higher barrier was deleted in the course of approving the amendment." *Nuesse v. Camp*, 385 F.2d 694, 701 (D.C. Cir. 1967) (citing Sherman L. Cohn, *The New Federal Rules of Civil Procedure*, 54 GEO. L. J. 1204, 1232 (1966)).

2006) (noting that even if a pending lawsuit "would *affect* the proposed intervenors' interests, their interests might not be *impaired* if they have 'other means' to protect them"); *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982) (stating that impairment "depends on whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding"). However, other cases from those courts recognize that an interest may be impaired or impeded even when alternative forums exist. *See Johnson v. San Francisco Unified Sch. Dist.*, 500 F.2d 349, 353 (9th Cir. 1974) (allowing intervention even though appellants had "the practical alternative of asserting in a subsequent lawsuit that the new policies adopted by the school district are unconstitutional"); *Commodity Futures Trading Com'n v. Heritage Capital Advisory Services, Ltd.*, 736 F.2d 384, 387 (7th Cir. 1984) ("It is true that where a proposed intervenor's interest will be prejudiced if it does not participate in the main action, the mere availability of alternative forums is not sufficient to justify denial of a motion to intervene.").

¶21        Other courts, including the Sixth and Tenth Circuits, take the broader view that "a would-be intervenor must show only that impairment of its substantial legal interest *is possible* if intervention is denied. This burden is minimal." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001) (emphasis added) (quoting *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999)); *W. Energy All. v. Zinke*, 877 F.3d 1157, 1167-68 (10th Cir. 2017) (stating that the possibility of alternative forums is not sufficient to deny intervention if the intervenor's interest will be prejudiced if it is not allowed to participate in the main action) (citing *Commodity Futures Trading Com'n*, 736 F.2d at 387).

¶22        Our Rule, like its federal counterpart, does not require certainty, and only requires that an interest "may" be impaired or impeded. Ariz. R. Civ. P. 24(a)(2). Because "[i]t is well settled in Arizona that Rule 24 'is remedial and should be liberally construed with the view of assisting parties in obtaining justice and protecting their rights,'" *Bechtel v. Rose, ex rel. Dep't of Econ. Sec.*, 150 Ariz. 68, 72 (1986) (quoting *Mitchell v. City of Nogales*, 83 Ariz. 328, 333 (1958)), we agree with the broader approach. Thus, when proposed intervenors meet the minimal burden of showing that disposition of the action may impair or impede their ability to protect their interest, then the availability of an alternative forum, by itself, does not preclude intervention.

**¶23** Thus, even if Movants can independently sue to enforce the CC&Rs,[4] intervention is proper if Movant's ability to enforce the CC&Rs may be impaired by the resolution of the current action. At a minimum, without intervention, Movants are denied the ability to weigh in on the merits of any settlement. *See Johnson*, 500 F.2d at 353 (allowing intervention where proposed intervenors sought "to influence the manner in which the school district exercises its admitted discretion" in resolving the underlying action). In light of the remedial nature of Rule 24 and the minimal burden placed on proposed intervenors, we conclude that the disposition of the underlying case may, as a practical matter, impair or impede Movants' ability to protect their claimed interests.

**¶24** Accordingly, we reverse the superior court's order denying intervention and remand for further proceedings. Because we reverse the denial of intervention, we must vacate the judgment approving the settlement agreement and dismissing all claims. *See McGough*, 143 Ariz. at 30 (explaining that if an order denying intervention is reversed, the entire judgment will be reversed). On remand, Heritage and the Weinbergs may re-urge whatever settlement agreement they deem appropriate between those parties.[5]

## II.    Attorneys' Fees

**¶25** Because we reverse the denial of Movants' motion to intervene, we also vacate the accompanying award of attorneys' fees, thereby mooting the Weinbergs' cross-appeal.

## CONCLUSION

**¶26** For the foregoing reasons, we reverse the superior court's denial of the motion to intervene and vacate the award of fees and the final

---

[4] During oral argument, counsel for both Heritage and the Weinbergs expressly reserved the right to assert that Movants could not pursue an independent action against the Weinbergs for the alleged violations of the CC&Rs at issue in this action.

[5] We only determine that Movants have met the minimal burden for intervention of right under Rule 24(a)(2). Our decision does not address whether the actions to be take pursuant to the proposed settlement between Heritage and the Weinbergs would or would not cure any noncompliance with the CC&Rs. Such matters are left to the superior court in the first instance.

judgment approving the settlement agreement and dismissing all claims. We remand for further proceedings. We also deny the Weinbergs' and Heritage's requests for fees and costs on appeal.

