NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LEFT THUMB LABS, LLC, *Plaintiff/Appellee*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

WILLIAMS HEALTH CENTER, LLC, et al., *Intervenors/Appellants*.

No. 1 CA-CV 22-0088
FILED 11-29-2022

Appeal from the Superior Court in Maricopa County
No. CV2021-003384
The Honorable Katherine Cooper, Judge

**AFFIRMED**

COUNSEL

Sherman & Howard L.L.C., Phoenix
By Gregory W. Falls, Matthew A. Hesketh, Jake Tyler Rapp
*Counsel for Defendants/Appellees*

Wilenchik & Bartness, P.C., Phoenix
By Dennis I. Wilenchik, Ross P. Meyer
*Counsel for Intervenors/Appellants*

_____

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge Randall M. Howe joined.

_____

**W I L L I A M S**, Judge:

¶1 Appellants Williams Health Center, LLC and Holbrook Health Center, LLC challenge the denial of their motion to intervene in a mandamus lawsuit seeking to require the Arizona Department of Health Services ("ADHS") to open an application period for marijuana dispensary registration certificate ("DRC") applications. We affirm because they did not timely seek to intervene.

### FACTUAL AND PROCEDURAL HISTORY

¶2 Under the Arizona Medical Marijuana Act ("AMMA"), an entity must apply to ADHS for a DRC before ADHS can approve it to operate a dispensary. *Saguaro Healing LLC v. State*, 249 Ariz. 362, 363, ¶ 2 (2020) (citing Ariz. Admin. Code ("A.A.C.") R9-17-304(C), (D), -305(A)). The number of issued DRCs generally cannot exceed one-tenth of the number of pharmacies registered under A.R.S. § 32-1929. A.R.S. § 36-2804(C). ADHS can exceed that number, however, "if necessary to ensure that [ADHS] issues at least one nonprofit medical marijuana dispensary registration certificate in each county in which an application has been approved." *Id.*

¶3 ADHS must review current valid DRCs each year to determine if it may issue additional DRCs. A.A.C. R9-17-303(A); *Saguaro Healing*, 249 Ariz. at 363, ¶ 3. If ADHS determines it can issue additional DRCs, it must open an application period. *See* A.A.C. R9-17-303(A)(1). Left Thumb Labs, LLC ("Left Thumb") filed a DRC application in July 2020, which ADHS rejected because it was not accepting applications at that time.

¶4 Left Thumb sued ADHS and its director in March 2021 seeking to require ADHS to open an application period, which it had not done since 2016. In August 2021, the parties filed a stipulated statement of facts and asked the superior court to resolve two legal questions:

1. Must ADHS issue new DRCs to empty county applicants before following the order of priority found in A.R.S. § 36-2803.01(A)?

    2. When should ADHS be required to issue the new DRCs if
      a timeframe is required?

Three months later, the superior court ruled that ADHS must initially allocate DRCs to empty counties, but if an empty county has no qualified applicant, ADHS must issue the DRC to another qualified applicant under the statutory priority rules. The court also ruled that ADHS must review existing DRCs annually and, if new DRCs can be issued, must open an application period annually and issue DRCs to qualified applicants. The court directed the parties to "meet and confer . . . to try to resolve the matter in light of this Ruling" and file a joint report and scheduling order if they could not.

¶5        Approximately two weeks later, Appellants moved to intervene in this case, alleging that they had filed DRC applications in December 2020 that ADHS rejected.[1] Appellants sought a declaratory judgment directing ADHS to (1) "determine all applicants that applied in each calendar year between 2017 and 2021, when ADHS did not accept applications but was required to do so," and (2) award DRCs to qualified applicants who applied during those years, including themselves.

¶6        Shortly thereafter, Left Thumb and ADHS filed a stipulated proposed form of judgment. Appellants objected to the proposed form of judgment, arguing that it only directed ADHS to "open an allocation period during the 2022 calendar year" and did not account for anyone who may have applied between 2017 and 2021. The court signed Left Thumb's and ADHS's proposed form of judgment and denied Appellants' motion to intervene as moot. This appeal followed. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. § 12-2101(A)(1), (3); *see Anderson v. Martinez*, 158 Ariz. 358, 359 (App. 1988) ("A proposed intervenor may appeal from the order denying its motion to intervene and from the judgment entered in its absence.").

## DISCUSSION

¶7        On a timely motion, the court must permit anyone to intervene who:

> claims an interest relating to the subject of the action, and is
> so situated that disposing of the action in the person's absence

---

[1] That same day, Appellants sued ADHS seeking the same relief. The superior court dismissed that complaint, and that ruling is the subject of a separate appeal.

may as a practical matter impair or impede the person's ability to protect that interest, unless existing parties adequately represent that interest.

Ariz. R. Civ. P. 24(a)(2).

**¶8**            Although the superior court denied Appellants' motion to intervene as "moot," the court could have denied the motion as untimely, and we will affirm its ruling if correct for any reason. *See Parkinson v. Guadalupe Pub. Safety Ret. Loc. Bd.*, 214 Ariz. 274, 277, ¶ 12 (App. 2007) ("We will affirm the superior court if its ruling was 'correct for any reason, even if that reason was not considered'") (quoting *Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986)). We review whether a motion to intervene was timely for an abuse of discretion. *Heritage Vill. II Homeowners Ass'n v. Norman*, 246 Ariz. 567, 570, ¶ 9 (App. 2019).

**¶9**            Whether a motion to intervene is timely "hinges on two discrete questions: 'the stage at which the action has progressed before intervention is sought and whether the applicant was in a position to seek intervention at an earlier stage of the proceedings.'" *Heritage Vill. II*, 246 Ariz. at 571, ¶ 13 (quoting *Winner Enterprises, Ltd. v. Superior Court*, 159 Ariz. 106, 109 (App. 1988)). The court also must consider whether the delay resulting from the motion would prejudice the existing parties. *See State ex rel. Napolitano v. Brown & Williamson Tobacco Corp.*, 196 Ariz. 382, 384, ¶ 5 (2000).

**¶10**            Appellants here moved to intervene about two weeks after the superior court resolved the legal issue they hoped to challenge. Even so, Appellants contend their motion was timely because they filed it before the parties submitted a joint report or scheduling order. As noted above, the superior court directed the parties to file a joint report and scheduling order only if they did not resolve the matter in their post-ruling meet-and-confer. Left Thumb and ADHS agreed the matter was resolved. As such, the only remaining step was to enter a formal judgment. The stage of the proceedings thus suggests Appellants' motion was untimely.

**¶11**            Appellants also concede they became aware of this case shortly after Left Thumb filed it in March 2021. They contend, however, that they had no reason to intervene until after the court's ruling, arguing that Left Thumb changed its position to require ADHS only to "begin accepting applications at some point in the future." Appellants seek broad relief for anyone who applied between 2017 and 2021, alleging in their motion to intervene that ADHS "must determine which applications between 2017

and 2021 were complete and then apply the statutory priority to those applications." Left Thumb never sought such broad relief; indeed, Appellants argued before the superior court that Left Thumb's complaint did "not account for [ADHS]'s failure to abide by the statutes from 2017 through 2021."

**¶12**　　　　Additionally, the parties' agreed statement of facts, filed three months before Appellants moved to intervene, shows that Left Thumb did not intend to rely on its July 2020 application. The parties instead agreed that Left Thumb "***seeks to apply*** for a DRC in Wellton, Arizona, which is in Yuma County." Left Thumb also asserted at that time that "new DRCs were not available until recently and that all new DRCs should be offered based on the priorities outlined in A.R.S. § 36-2803.01." It should have been clear to Appellants by August 2021 at the latest that Left Thumb would not contend that ADHS had to consider any past applications. Nonetheless, Appellants waited three more months to move to intervene, only doing so after the court ruled on both legal issues raised by the parties.

**¶13**　　　　For these reasons, we conclude the superior court did not abuse its discretion in denying Appellants' motion to intervene. *See Brown & Williamson*, 196 Ariz. at 386, ¶ 15 (finding no abuse of discretion in denying intervention because party seeking to intervene waited three weeks after "it should have been absolutely clear . . . that intervention was necessary").

## CONCLUSION

**¶14**　　　　We affirm. We express no opinion on the merits of Appellants' claims. Appellees may recover their taxable costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:　AA