NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CLOUT CONSTRUCTION, LLC, *Plaintiff/Appellee,*

*v.*

LB CONTRACTING, LLC, *Defendant/Appellee.*

*v.*

ORVILLE LARRY BRYANT, *Appellant.*

No. 1 CA-CV 25-0534

FILED 02-18-2026

Appeal from the Superior Court in Maricopa County
No. CV2023-019145
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Orville Larry Bryant, Prescott
*Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

_____

**T H U M M A**, Judge:

**¶1**         Orville Larry Bryant appeals from an order denying his motion to intervene. Because he has shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**         In 2022, general contractor Clout Construction, LLC, entered into a subcontract with L.B. Contracting, LLC, for construction work. A dispute later arose and, in December 2023, Clout filed this case against L.B. alleging, as applicable here, breach of contract. Bryant is the sole member of L.B. but was not a party to the subcontract and not joined as a defendant.

**¶3**         Bryant moved to treat L.B. as a "disregarded entity," citing Arizona Rule of Civil Procedure 19 ("Required Joinder of Parties"), which the court denied. In May 2025, Bryant filed an "amendment" to that motion, seeking to intervene. *See* Ariz. R. Civ. P. 24 (2026).[1] By that time, default had been entered against L.B. and Clout had moved for entry of default judgment. Later in May 2025, the court entered a default judgment, requiring L.B. to pay Clout about $125,000. A few days after that, treating Bryant's May 2025 "amendment" as a motion to intervene, the court denied it. The court noted the motion was untimely (having been filed after default was entered against L.B.) and that Bryant had not shown a right to intervene or that permissive intervention was appropriate.

**¶4**         This court has jurisdiction over Bryant's timely appeal from that ruling under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1) and -2101(A)(3).

_____

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

**¶5**　　　　Bryant's brief on appeal does not comply with applicable rules, failing to include "citations of legal authorities" or citations to the "applicable standard of appellate review." ARCAP 13(a)(7). Accordingly, Bryant has waived his arguments on appeal. *See, e.g.*, *In re Aubuchon*, 233 Ariz. 62, 64-65 ¶ 6 (2013).

**¶6**　　　　Waiver notwithstanding, Bryant's arguments are unavailaing.　He argues that he should have been joined as a party under Rules 19 and 20 and should have been allowed to intervene under Rule 24. Bryant has not shown how Rule 19, addressing required joinder, compels the conclusion that he had to be joined as a party. And Bryant did not cite Rule 20, addressing permissive joinder, in superior court, resulting in waiver on appeal. *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011) (arguments raised for the first time on appeal are waived) (citing cases).

**¶7**　　　　Turning to Rule 24, a ruling on the timeliness of a motion to intervene is reviewed for an abuse of discretion. *See Heritage Vill. II Homeowners Ass'n v. Norman*, 246 Ariz. 567, 570 ¶ 9 (App. 2019) (citing cases); *see also State ex rel. Napolitano v. Brown & Williamson Tobacco Corp.*, 196 Ariz. 382, 384 ¶ 5 (2000) (citing cases). A ruling on a timely motion for intervention of right is reviewed de novo, while a permissive intervention ruling is reviewed for an abuse of discretion. *Dowling v. Stapley*, 221 Ariz. 251, 269-70 ¶ 57 (App. 2009) (citing cases).

**¶8**　　　　Bryant argues his motion to intervene was timely because it was filed before entry of default judgment. Bryant's May 2025 motion, however, was filed 17 months after Clout filed the suit in December 2023. Bryant knew of the suit the entire time, having received service on behalf of L.B., and offered no explanation for his delay. On this record, Bryant has not shown that the superior court abused its discretion in finding his motion to intervene – coming after entry of default against L.B. – was untimely. *See Norman*, 246 Ariz. at 571 ¶ 13 (citing cases) (timeliness under Rule 24 focuses on where the action has progressed before intervention is sought and whether intervention could have been sought earlier).

**¶9**　　　　Timeliness notwithstanding, Bryant has not shown that he had a right to intervene. Ariz. R. Civ. P. 24(a). Although claiming such a right under A.R.S. § 32-1127(B), that statute deals with responsibility for licensing violations, and does not give Bryant a right to intervene. *See* Ariz. R. Civ. P. 24(a)(1). Nor has Bryant shown that protecting his interests (as

opposed to L.B.'s) would impermissibly be impaired or impeded unless he was allowed to intervene. *See* Ariz. R. Civ. P. 24(a)(2).

**¶10**    For permissive intervention, Bryant cites to no statute providing him "a conditional right to intervene." Ariz. R. Civ. P. 24(b)(1)(A). Clout's claim was against L.B. (not Bryant) and the resulting default judgment required L.B. (not Bryant) to pay money damages. The superior court properly could conclude that Bryant did not have "a claim or defense that shares with the main action a common question of law or fact." Ariz. R. Civ. P. 24(b)(1)(B). Moreover, consistent with the conclusion that the motion to intervene was untimely, the court properly could conclude that intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Ariz. R. Civ. P. 24(b)(3).

**¶11**    For these reasons, Bryant has shown no error in the superior court denying his motion to intervene. *See* Ariz. R. Civ. P. 24. As a result, Bryant was never a party to this case. Therefore, this court does not address his merits arguments, including that default judgment against L.B. (which is not a party to this appeal) was improper.

## CONCLUSION

**¶12**    The order denying Bryant's motion to intervene is affirmed.



MATTHEW J. MARTIN • **Clerk of the Court**
**FILED**:         JR