NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In the Matter of the Conservatorship for:

H.N., N.N., M.N.,
*Minors*.

SVETLANA NICHOLS,
*Petitioner/Appellant*,

*v.*

H.N., N.N., M.N., and THE SLAVICEK LAW FIRM,
*Respondents/Appellees*.[1]

No. 1 CA-CV 25-0272 PB
FILED 05-04-2026

Appeal from the Superior Court in Maricopa County
Nos. PB2023-001920, PB2024-090970, PB2024-090971, PB2024-090976
The Honorable Lisa Ann Vandenberg, Judge, *Retired*

**VACATED AND REMANDED**

---

[1]     We amend the caption in this matter as shown above.

COUNSEL

Pangerl Law Firm, P.L.L.C., Phoenix
Regina M. Pangerl
*Counsel for Petitioner/Appellant*

Wilson Law Firm, Tempe
Mark A. Wilson
*Counsel for Respondent/Appellee The Slavicek Law Firm*

Gammage & Burnham, P.L.C., Phoenix
Cameron C. Artigue, Jacqueline E. Marzocca
*Counsel for Respondent/Appellee The Slavicek Law Firm*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Veronika Fabian and Vice Chief Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

¶1 Svetlana Nichols ("Mother") appeals the superior court's denial of her motion to intervene in a consolidated probate case concerning her minor children and her deceased former husband. Because Mother should have been permitted to intervene, we vacate the court's ruling and remand for further proceedings.

**BACKGROUND**

¶2 Mother and Zachary Nichols ("Father") share three minor children. In their 2017 divorce proceeding, the parents stipulated to joint legal decision-making authority.

¶3 In 2020, Mother and the children were in a car accident, resulting in injuries to each of the children. Two years later, Father sued Mother on behalf of the children, alleging she negligently caused the car accident by failing to control her speed and by driving while intoxicated. He retained Slavicek Law Firm ("Firm") to represent him. Mother objected to a medical examination of one of the children that Father sought during the litigation. Father then petitioned the probate department of the superior court to appoint him as conservator for the children so he could

manage the litigation. The court denied the petition "at this time," finding that Father had not used the available discovery mechanisms to obtain the medical examination in the civil case.

¶4        Less than a year later, Father died unexpectedly. Mother filed three probate petitions—one for each child—to appoint her brother as conservator so he could "compromise a settlement" on behalf of the children in the civil lawsuit. A few weeks later, the Firm petitioned to appoint a guardian ad litem ("GAL") in Father's original (but dormant) probate case. The Firm asserted it "represents the minor children in connection with" their tort claims, "having been hired by the minors' father."

¶5        At the initial hearing, the superior court consolidated the four pending probate cases. Then, under A.R.S. § 14-1408 and on its own motion, the court appointed a GAL to represent the children's interests in their civil lawsuit.[2] The court directed the GAL to investigate whether the Firm had "authority to continue to act as counsel on behalf of the children." The court also authorized the GAL to engage in the civil case on behalf of the children.

¶6        The GAL "determined that [the Firm] may be an interested party" under A.R.S. § 14-1201(34). The GAL also concluded that the Firm was currently representing the children's best interests and "should continue in that role." If the court did not agree the Firm was an interested person under § 14-1201(34), the GAL noted that the court could authorize the GAL to retain representation "to pursue the claims for the minor children." The GAL then proposed that the Firm would be a suitable choice to represent the children, and the GAL could sign a "new engagement agreement" with the Firm to represent the children in their tort claims.

¶7        Over Mother's objection, the superior court "expand[ed] the GAL's authority to include the management of the [civil lawsuit] including the authority to retain a competent personal injury firm."[3]

¶8        Mother notified the court of the voluntary dismissal of her three petitions for conservatorship and then moved to intervene in the

---

[2]        As far as the record reveals, the Firm's petition to appoint a GAL remains pending.

[3]        The GAL later retained the Firm to represent the children in the civil litigation.

remaining probate matter. She asserted she qualified to intervene under Arizona Rule of Civil Procedure ("Civil Rule") 24(a) based on constitutional and statutory authority.

**¶9** The superior court granted the withdrawal of Mother's petitions and then found that the Firm "qualifies as an interested person as the [F]irm is an entity that has a claim against the proposed wards." In a subsequent minute entry ruling, the court denied Mother's motion to intervene and entered judgment under Civil Rule 54(b). Mother timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(9).

## DISCUSSION

**¶10** We review an order granting or denying a motion to intervene for an abuse of discretion. *Roberto F. v. Ariz. Dep't of Econ. Sec.*, 232 Ariz. 45, 49, ¶ 17 (App. 2013). "In reviewing the denial of a motion to intervene, we accept the allegations of the motion as true." *Heritage Vill. II Homeowners Ass'n v. Norman*, 246 Ariz. 567, 570, ¶ 9 (App. 2019). We review questions of law, including statutory interpretation, de novo. *In re Estate of Jung*, 210 Ariz. 202, 204, ¶ 11 (App. 2005). Unless specifically provided otherwise in the Arizona Rules of Probate Procedure, the Civil Rules govern proceedings under Title 14. Ariz. R. Prob. P. 4(a)(1); A.R.S. § 14-1304; *Gonzalez v. Superior Court*, 117 Ariz. 64, 66 (1977).

### A.    Waiver

**¶11** The Firm argues Mother waived her argument on intervention because her appellate briefs were deficient. By failing to expressly cite Civil Rule 24, or explain which subpart applies to her situation, the Firm contends she violated ARCAP 13, which requires appellants to include "citations of legal authorities and appropriate references to the . . . record." ARCAP 13(a)(7)(A). An appellant who fails to make a "bona fide and reasonably intelligent effort to comply with the rules" will waive arguments "not supported by adequate explanation, citations to the record, or authority." *In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013).

**¶12** Mother relied on Civil Rule 24 in her motion to the superior court, explaining that she is entitled to intervene both as a matter of right and permissively. On appeal, she argues she asked "to intervene as an interested person in her Children's probate matter as a matter of right." While Mother should have been more careful in preparing her opening brief, we address her argument on the merits because the motion at the heart of this matter plainly relied on Civil Rule 24, fundamental rights are

at stake, and we must always account for the best interests of children. *See Troxel v. Granville*, 530 U.S. 57, 65 (2000) (holding that the Fourteenth Amendment protects a parent's fundamental right to the "care, custody, and control of their children"); *Bechtel v. Rose*, 150 Ariz. 68, 73 & n.2 (1986) (explaining that the child's best interests "shall govern" across various contexts, including probate matters); *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536, ¶ 9 (App. 2018) (noting that "the decision to [apply] waiver is discretionary"); *In re Guardianship of J.B.*, 1 CA-JV 25-0080, 2025 WL 3653719, at *2, ¶ 10 (Ariz. App. Dec. 17, 2025) (mem. decision) (explaining that despite ARCAP 13 insufficiencies, a court may consider argument if it is "stated with sufficient clarity to allow for . . . meaningful review").

**¶13**         The Firm also argues that Mother's motion to intervene is untimely. But that argument is waived because it was not raised in the superior court. *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007) ("[A]rguments raised for the first time on appeal are untimely and deemed waived."). Even so, the Firm has not explained how it was prejudiced by Mother's delay in seeking to intervene. *See State ex rel. Napolitano v. Brown & Williamson Tobacco Corp.*, 196 Ariz. 382, 384, ¶ 5 (2000) (recognizing the "most important consideration . . . is whether the delay in moving for intervention will prejudice the existing parties in the case").

### B.        Mother as an Interested Person

**¶14**         Mother argues the superior court erred by denying her motion to intervene because the court interfered with her constitutional and statutory parental rights, denying her right to due process. We agree.

**¶15**         Mother's motion to intervene relied on Civil Rule 24, which requires a court to

> permit anyone to intervene who[] has an unconditional right to intervene under a statute; or claims an interest relating to the subject of the action, and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest, unless existing parties adequately represent that interest.

Ariz. R. Civ. P. 24(a)(1)–(2). Mother cites the Arizona Parents' Bill of Rights to support her unconditional right to intervene under a statute. *See* A.R.S. § 1-601. Mother also claims she is entitled to intervene as of right because she is an interested person under § 14-1201(34), which explains that the definition of an interested person "may vary from time to time and must be

determined according to the particular purposes of, and matter involved in, any proceeding."

**¶16** Despite the unusual posture here, the United States Constitution and the Arizona Parents' Bill of Rights protect Mother's statutory right to intervene in a probate case centered on her minor children. *See* U.S. Const. amend. XIV; *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005) (Parents have a "fundamental liberty interest in the care, custody, and management of their children."); *see also* A.R.S. § 1-601(B) (requiring any infringement on fundamental parental rights to satisfy strict scrutiny). Such rights are consistent with the broad third category of interested persons outlined in § 14-1201(34). Add to that, Mother had sole legal decision-making authority after Father died, *see Woodford v. Superior Ct.*, 82 Ariz. 181, 184 (1957) (explaining the "well-settled proposition" that upon the death of a parent who holds legal custody, the right of legal custody automatically passes to the surviving parent). As a result, the court erred by denying Mother's right to intervene under Civil Rule 24(a)(1). *See Bechtel*, 150 Ariz. at 72 ("It is well settled in Arizona that Rule 24 'is remedial and should be liberally construed with the view of assisting parties in obtaining justice and protecting their rights.'" (citation omitted)).

**¶17** The fundamental parental rights outlined above and Mother's legal decision-making authority entitle her to due process in matters related to her children, which includes "the opportunity to be heard at a meaningful time and in a meaningful manner." *Matter of Guardianship of A.K.*, 258 Ariz. 336, 343, ¶ 18 (App. 2024) (citation modified). Although the superior court indicated that it "intends for Mother to receive notice of pleadings," it never guaranteed she would receive them or provided her an avenue to be heard.

**¶18** The Firm argues a parent has no right under the due process clause to inflict conflicts of interest upon their children but cites no Arizona authority in support of this argument. Nor does the Firm provide any meaningful explanation on how a parent with sole legal-decision making authority can be barred from voicing concerns in court proceedings directly affecting their children's interests. Indeed, the Firm acknowledges that "Mother is an interested person," and asserts "she is perfectly free to file papers seeking dismissal of the GAL (or other relief) in the probate court." That supports Mother's motion to intervene as of right, but allowing Mother to intervene does not mean the superior court must grant her requested relief. The court still needs to determine whether the GAL should be removed and whether the Firm was improperly allowed to intervene, issues that are not before us.

### C. The Firm as an Interested Person

**¶19**        Mother also argues the superior court erred by finding that the Firm "qualifies as an interested person [under § 14-1201(34)] as the [F]irm is an entity that has a claim against the proposed wards." Because the denial of Mother's motion to intervene is the only issue on appeal, we do not address the Firm's standing in the probate matter.

### D. Attorneys' Fees and Costs

**¶20**        Mother requests an award of her pro bono attorneys' fees and costs incurred on appeal as a sanction against the Firm under A.R.S. § 12-349(A)(1)–(3) (permitting award of fees incurred by bringing or defending a claim without substantial justification, for the purpose of delay or harassment, or that unreasonably expanded or delayed the proceedings). The Firm requests attorneys' fees and costs as a sanction against Mother and her counsel under A.R.S. §§ 14-1105(B) (permitting award of fees incurred because of unreasonable conduct in a guardianship or conservatorship case), 12-349, and ARCAP 25. In our discretion, we decline to impose sanctions, and each party shall bear their own costs.

### CONCLUSION

**¶21**        We vacate the superior court's order denying Mother's motion to intervene and remand for further proceedings.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JT

7